WILLIAMSON *v.* STATE.

(In Banc. Oct. 13, 1941.)

[4 So. (2d) 220. No. 34668.]

A. M. Warwick, of Carthage, for appellant.

**Greek L. Rice,** Attorney-General, by **Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

The state relied upon the fact that the intoxicating liquors were found in the home of the appellant; that he was responsible for what was in his home, he being the head of the family, theoretically at least, and was charged with notice with what was in his home.

See City of Jackson v. Gordon, 119 Miss. 325, 80 So. 785.

The case of Wylie v. State, 151 Miss. 897, 119 So. 825, goes pretty far in holding that the husband is responsible for what is in his house or premises and seemingly leaves it to the jury to determine from that fact alone that the husband is in conscious and knowing possession, if it is found at his house when no one but he and his wife live in the house.

The latest pronouncement upon presumption against the husband as being the owner of liquor found on his premises in possession of himself or wife is Quick v. State, 2 So. (2d) 812.

**Alexander, J.,** delivered the opinion of the court.

Appellant was indicted for the unlawful possession of intoxicating liquors. The testimony shows that, under authority of a search warrant, there was found in appellant's home in a locked trunk thirty-three half-pints of whisky and sixteen pints of wine. This evidence cre-

ated for the State a prima facie case as against appellant, for he is, in legal contemplation, the responsible head of the house and in control of the premises. Wylie v. State, 151 Miss. 897, 119 So. 825; Garland v. State, 165 Miss. 136, 146 So. 637. And where intoxicating liquor is found on the premises of which the defendant is in possession and control a rebuttable presumption of fact arises that it was in his possession. 33 C. J. 744; State v. Arrigoni, 119 Wash. 358, 205 P. 7, 27 A. L. R. 310; State v. Kichinko, 122 Wash. 251, 210 P. 364; State v. Dropolski, 100 Vt. 259, 136 A. 835; Morgan v. State, 62 Ga. App. 493, 8 S. E. (2d) 694.

Appellant's testimony to rebut the prima facie case to this end was substantially as follows: That he had been absent from his home at Lena about three weeks prior to the discovery of the liquors; that he had not been at his home in the meantime, and that the liquors were not his and that he knew nothing about them. He offered also witnesses who testified to his good character, sobriety, and law observance. Against this testimony the jury had before them the fact that he had left the town of Quitman, where he had been working during the period, and went to the town of Tchula and back, with such inferences as they cared to draw from the accessibility of the town of Lena as an intermediate point along the normal route of travel; that he had been in the town of Lena for at least an hour before he was served with the search warrant; that the house and the trunk which contained the liquors were locked, and that the house was opened to the officers by the key of appellant. It is not clear how access to the locked trunk was procured, although there is no evidence that it was forcibly opened. After granting access to this home, appellant left without seeking to satisfy any curiosity as to the result of the search. His family consisted of his wife and a daughter and three stepchildren, two of whom were boys fifteen and eighteen years old. One of the daughters was shown to be employed in another town. The testimony reveals

that his wife operated a café and slept at least a part of the time there. The testimony is silent as to who occupied the house while he was away, or whether it was occupied at all. No member of the family testified, and the rebuttal of the prima facie case rested solely in defendant's denial, the evidence tending to show non-accessibility to the home, and his good character. The ownership of the liquors was not an issue.

The assignments of error include the contention that the verdict of the jury was contrary to the overwhelming weight of the testimony, and that defendant's motion for new trial was overruled. Although the burden of proof was upon the State, the jury were free to consider whether the prima facie case, made by the discovery of the liquors in a home to which access was procured by appellant's key and in a locked trunk therein which was not shown to be under the key of another, had been overturned. Their verdict sustained the inferences which such possession authorized, and we are unwilling to displace their judgment by a contrary view. Other assignments of error are without merit.

Affirmed.

### DISSENTING OPINION.

**Anderson, J.,** delivered a dissenting opinion.

We have here a wife and her two sons by another husband, fifteen and eighteen years of age, and two daughters, occupying the home in the little village of Lena. The wife is engaged in conducting a restaurant in the village. They occupy the home. The husband is a carpenter and house-building contractor, which takes him away from the home a good deal of the time. On the morning of the search and discovery of the liquor and wine, he had returned from a three weeks' absence in another community, where he was engaged in building a house. During that three weeks he had not been in the home until the search was made. The State relied alone for conviction on whatever presumption went with the

fact that the liquor was found in appellant's home. He denied any knowledge of its being there in a most reasonable statement. He was a total abstainer from the use of intoxicating liquor, and in addition had the reputation of being a law-abiding citizen. My opinion is that in such a case the finding of the liquor in the home did not carry with it a prima facie presumption of possession on the part of the husband. If there was any inference of guilt to be indulged in, it was the wife's guilt—not the husband's.

Furthermore, if the facts do carry any inference of guilt on the part of the husband, such inference was completely, and without conflict in the evidence, overcome.

In my opinion, it follows that if it had been asked the appellant was entitled to a directed verdict of not guilty. Not having requested such an instruction, he was entitled to a new trial for the same reason.

**McGehee, J.**, concurs in this dissent.

**Roberds, J.**, delivered a partially dissenting opinion.

I concur in that part of the dissenting opinion in this case embodied in the following language:

"Furthermore, if the facts do carry any inference of guilt on the part of the husband, such inference was completely, and without conflict in the evidence, overcome.

"In my opinion, it follows that if it had been asked the appellant was entitled to a directed verdict of not guilty. Not having requested such an instruction, he was entitled to a new trial for the same reason."