## QUICK *v.* STATE.

(In Banc.  May 11, 1942.  Suggestion of Error Overruled May 25, 1942.)

[7 So. (2d) 887.  No. 34934.]

**W. T. Weir,** of Philadelphia, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellant was convicted of having in his possession unlawfully intoxicating liquors. This appeal presents the questions (1) whether the evidence is sufficient to support the verdict of the jury and (2) whether it was competent under the circumstances hereinafter related.

Five officers, pursuant to a warrant to search the home and adjoining premises of appellant for intoxicating liquor, appeared at his home in two automobiles about three o'clock in the afternoon. When the first automobile appeared a daughter of appellant, between twelve and thirteen years of age, named Daphne, who was sitting on the front porch of the home, called out "here they come." She then disappeared into the house. One of the officers appeared at the front door and handed to Mrs. Quick, wife of appellant, the search warrant, and three of the officers entered the house and began to look about and investigate. They saw one or two people run from the house, supposedly children of appellant. One of the officers entered a back room, first moving to one side a curtain over the door, and he saw appellant and Daphne in this room. The officer pictured the situation in these words: "Sil (appellant) was between me and the girl and as I pushed the curtain back he threw a loose coat of some kind around this little girl, and I could tell there was something on the girl." Daphne then left the room

and proceeded to the front porch of the house, where she seated herself in a chair. By this time the officers in the second automobile had entered the home and one of these officers, seeing the young lady pass through the hall, became suspicious that she had the whisky upon her person and so remarked to the sheriff, who was already in the house. Daphne was followed by appellant. The officers proceeded to the front porch, and the sheriff described the events in these words: "I went out there and saw the girl sitting there on the porch and walked up to her and I could see the print of a bottle under this smock or robe or whatever you want to call it, so I put my hand on the bottle and about that time Sil ran up behind me and told me not to put my hands on that girl. . . . I told him I hadn't put my hands on the girl, that I just put it on the whisky. He says 'No, you are not either.' He says 'You have got no right to search that girl.' Well I says 'I haven't seen it, but I want it and I am going to get that whisky.'" Appellant caught the arm of the sheriff and the other officers intervened. The sheriff says he then "pulled that smock back and took two half pints of whisky out of a jacket that she had on with pockets in it around here, just fitting a half pint bottle. . . . She had a jacket or something similar to a hunting jacket and there was a place made in that jacket around that would just about fit a bottle like this, and I took two off of her."

Appellant strenuously contends that this proof is not sufficient to show that he had any possession or control over this whisky. He introduced no proof.

In the case of Williamson v. State, 191 Miss. 643, 4 So. (2d) 220, 221, this court laid down the rule that the finding of liquor in the home made out a prima facie case against the husband and father, who in law is the head of the family and in charge of the home, using this language: "And where intoxicating liquor is found on the premises of which the defendant is in possession and control a rebuttable presumption of fact arises that it was in his

possession.'' The writer dissented in that case, but the case is binding on us unless and until it is overruled, and we think the rules laid down therein justify the verdict of the jury in this case in finding that these two half pints of whisky were in the possession or under the control of appellant under the enumerated circumstances.

The second contention would present a serious question if objection had been made to the testimony. However, no advantage can be taken in this court of the erroneous admission of testimony in the lower court where no objection was made therein to such admission, and this is true even though the defendant is not represented by counsel, as was the case here, in the lower court. Dugan v. State, 151 Miss. 781, 119 So. 298.

Affirmed.