RATCLIFF *et al. v.* STATE.

(In Banc. May 13, 1946.)

[26 So. (2d) 69. No. 36129.]

Paul G. Swartzfager, of Laurel, for appellants.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

One of the errors assigned on this appeal is the introduction in evidence, over the objection of appellants, Leroy Ratcliff and Floyd Stone, of the affidavit for a search warrant and the search warrant, pursuant to which a quantity of whiskey was found on or near the premises leased by Floyd Stone for operating a lunch and cold-drink business, and three bottles of which whiskey the said Leroy Ratcliff was breaking in the kitchen sink when the officers entered the place of business.

The ground of the objection to the introduction of the said affidavit and search warrant is that the case was then being tried in the county court in the exercise of its original jurisdiction, while a prosecution for the same offense was pending in the court of the justice of the peace, who had taken the affidavit for the search warrant and issued the warrant for the search. It does not appear from the record however, nor is the contention made in the brief of the appellants, that an affidavit had ever been made before the justice of the peace to charge the defendants with the unlawful possession of intoxicating liquor in his district, against the peace and dignity of the State of Mississippi. Therefore, no criminal prosecution had been commenced in the justice of the peace

court at the time the appellants were tried in the county court. This Court expressly so held in the case of Powell v. State, 196 Miss. 331, 17 So. (2d) 524, involving the question of whether or not a criminal prosecution is begun before a justice of the peace by affidavit for, and issuance and execution of, a search warrant, without an affidavit having been filed against the accused for unlawful possession of intoxicating liquors against the peace and dignity of the state. See also Bigham v. State, 59 Miss. 529; Clingan v. State, 135 Miss. 621, 100 So. 185; and Bramlette v. State, 193 Miss. 24, 8 So. (2d) 234.

To sustain the conviction of the appellant Floyd Stone, under the evidence, the state relies upon the fact that the whiskey was found in his place of business, and on or near the premises leased by him, and there is invoked the rule announced in case of Williamson v. State, 191 Miss. 643, 4 So. (2d) 220, and the cases therein cited, to the effect that "where intoxicating liquor is found on premises of which defendant is in possession and control, a rebuttable presumption of fact arises that liquor was in defendant's possession." These decisions would not sustain the conviction against Floyd Stone as to the three pints of whiskey that were being broken by his co-defendant, Leroy Ratcliff, at the time the officers entered the place of business, for the reason that Ratcliff testified, and it is undisputed, that this whiskey had been brought by one Buddy Barefield within less than thirty minutes prior to the arrival of the officers, and that it belonged to the said Barefield, and in view of the further fact that it is undisputed that the defendant Stone had not been on the premises on that day until after the whiskey was found by the officers. This proof fully rebutted the presumption stated in the Williamson case, supra, as to the bottles of whiskey which were being broken by the defendant Ratcliff in the sink when the officers appeared on the scene. But the proof further disclosed the finding of other whiskey at three different places near the place of business, from which locations the sheriff had seen

the defendant Stone and his employee coming toward the place of business shortly prior to the obtaining of the search warrant. The facts in connection with the location of this other whiskey were sufficient to entitle the jury to indulge the presumption heretofore mentioned, and there was no testimony to show that Buddy Barefield had brought this whiskey to the place where the same was found.

We are therefore of the opinion that the proof was sufficient to sustain the conviction as against both of the appellants, and that the judgment appealed from should therefore be affirmed, since we find that the other assignments of error are not well taken.

Affirmed.