## CHINN *v.* STATE.

Oct. 19, 1953

No. 38811 39 Adv. S. 1 67 So. 2d 384

*L. Percy Quinn,* Jackson, for appellant.

*John E. Stone,* Asst. Atty. General, Jackson, for appellee.

HOLMES, J.

The appellant was convicted of the unlawful possession of intoxicating liquor and appeals. A number of assignments of error are presented, but we deem none of them of sufficient merit to warrant discussion except the assignments that the verdict is not supported by the evidence and that the court erred in granting the state's one instruction.

The evidence upon which appellant's conviction is based is substantially as follows: Acting pursuant to the authority of a valid search warrant, the sheriff and

deputy sheriff of Rankin County proceeded to search the building and premises on the west side of the old Jackson and Fannin road known as Lone Star Cafe. The deputy entered the front room of the building through the front door. The appellant was standing behind a bar-like counter in the room and some twenty or twenty-five negroes were seated around tables on which were whiskey bottles, Coca-Cola bottles, and glasses, and the air was being rent with the festive music of a juke box. On the appearance of the officer, these manifest patrons of the cafe began to hide the liquor bottles by putting them in their pockets, and otherwise concealing them, knocking glasses off of the tables in their flurry and consternation over this sudden protrusion into their frivolity of the symbol of authority. The deputy inquired of the appellant who was in charge of and operating the place, and she answered that she was, whereupon the deputy served the search warrant upon her and began to search the interior of the building. He found a pistol in a drawer which he did not disturb. He also found six or seven cans of beer in the refrigerator. He then went on the outside of the building where he joined the sheriff in searching the premises on the outside of the building. A path led from the back steps of the building to a toilet some thirty feet away. About ten feet from the back steps of the building and about six inches to the side of the path, the officers found an old table lying on the ground with the grass around it tramped down. Upon raising this table, they found six half pints of whiskey and three half pints of gin. The officer then called the appellant and showed her the whiskey before he moved it. The appellant denied that it was her whiskey or that she had any control or possession over the same. The appellant was the only witness to testify in her own behalf. She denied that she was the owner of the whiskey or had control or possession of the same, but on being asked if the whiskey which

was found was on her premises, answered that she "reckoned it was." We think that the proof was sufficient to warrant the jury in finding that the whiskey was seized on the appellant's premises, and that the jury were therefore entitled to indulge the rebuttable presumption that the whiskey was in her possession.

In the case of Williamson v. State, 191 Miss. 643, 4 So. 2d 220, this Court said: "And where intoxicating liquor is found on the premises of which the defendant is in possession and control, a rebuttable presumption of fact arises that it was in his possession." In addition to this presumption which the jury were entitled to indulge, the proof showed that there was drinking on the premises and that the whiskey which was revealed by the search was found concealed on her premises and at a distance of about ten feet from the back steps of the cafe which she was in charge of and operating. Under this state of the proof, we think that the jury were warranted in finding beyond every reasonable doubt and to the exclusion of every reasonable hypothesis of her innocence that those who were seated around the tables on which were whiskey bottles and Coca-Cola bottles, were patrons of the cafe who were being served whiskey by the appellant and that the source of supply was the whiskey belonging to appellant and concealed by her under the table near the back door of the cafe. We are, therefore, of the opinion that the evidence was sufficient for submission to the jury on the issue of the appellant's guilt or innocence.

We think that the case at bar is distinguishable from the case of Pearlic Baines v. State, No. 38,808, decided October 12, 1953. There was no evidence in the Baines case that there was drinking on the defendant's premises, nor did it clearly appear that the liquor which was revealed by the search in that case was found on the defendant's premises. The liquor in that case was found behind a toilet which was some thirty feet from the cafe

operated by the defendant and to which a path led from the defendant's cafe, and it was shown that such path and toilet were used by numerous persons. We think these facts clearly distinguish the case of Baines v. State, supra, from the case at bar.

It is argued by the appellant that the court erred in granting to the state its one instruction, reading as follows: "The court instructs the jury for the state that if you believe from the evidence beyond reasonable doubt that the defendant, Mary Chinn, in Rankin County, Mississippi, at the time charged in the indictment and testified about did willfully and unlawfully have in her possession intoxicating liquor, you should find her guilty and the form of your verdict may be, 'we, the jury, find the defendant guilty as charged.'" It will be noted that this instruction omits the necessary qualification that in order for appellant's guilt to appear beyond a reasonable doubt, the evidence must exclude every other reasonable hypothesis consistent with her innocence. This instruction standing alone would have constituted reversible error, since the evidence against the appellant was entirely circumstantial. Warren v. State, 166 Miss. 284, 146 So. 449; Murray v. State, 46 So. 2d 83. The appellant, however, requested and was granted the following instruction: "The court instructs the jury that if the jury can deduce from the facts and circumstances surrounding the case either from the evidence or lack of evidence any reasonable hypothesis consistent with the innocence of the defendant, then there is a reasonable doubt of his guilt and the jury should return a verdict of not guilty." We think that this instruction granted to the appellant cured the error of the state's instruction, since the jury was thereby fully informed of the degree of proof required of the state in order to establish the appellant's guilt.

We are accordingly of the opinion that the judgment of conviction should be, and it is, affirmed.

Affirmed.

*McGehee, C. J., Roberds, Lee, Kyle, Arrington,* and *Ethridge, JJ.,* concur. *Lotterhos, J.,* dissents. *Hall, J.,* took no part.

---

LOTTERHOS, J., dissenting.

Upon a careful consideration of the facts in this case, I am unable to see any real difference between this record and that in Pearlie Baines v. State, No. 38,808, decided on October 12, 1953. In each instance, the events and the physical facts were the same, except that (1) in the present case the patrons of the Lone Star were shown to be using whiskey, but not so at the Ritz, and that (2) in this case the contraband liquor seized was found under an old table beside the path from the Lone Star to the toilet, whereas in the Baines case it was found just behind the toilet. These variations do not seem material to me. The important point in both cases is that many people had ready access to the place of hiding, so that, in the absence of some other facts pointing to the accused as the owner, reasonable hypotheses may be drawn consistent with innocence.

The majority opinion cites Williamson v. State, 191 Miss. 643, 4 So. 2d 220. But that case has no more controlling effect here than in the Baines case, and it was considered in the decision of that appeal. In the Williamson case, the liquor was found concealed in a locked trunk in Williamson's home. It was there said that "this evidence created for the State a prima facie case as against appellant, for he is, in legal contemplation, the responsible head of the house and in control of the premises." This is quite different from the situation here, where the liquor was found hidden outside the place of business at a point easily accessible to numerous peo-

ple who were shown to be present. For a discussion of the Williamson case and its application, see Peeples v. State, 216 Miss. 790, 63 So. 2d 236.