SHUMPERT *v.* STATE

No. 40317        January 7, 1957        91 So. 2d 745

*C. B. Hutchinson,* Tupelo, for appellant.

732

*John H. Price, Jr., Asst. Atty. Gen.*, Jackson, for appellee.

GILLESPIE, J.

From a conviction of possession of intoxicating liquor, appellant prosecutes this appeal.

The officers secured a search warrant to search a residence, which, according to the affidavit, was occupied by unknown persons. Upon making the search, the officers found a half pint of liquor under a pillow in one room and a small quantity of liquor on a table in the kitchen, the total amount of whiskey found on the premises being something over a half pint of moonshine whiskey. Appellant was not on the premises at the time the search was made. Truman Patton was in the house in a drunken condition at the time of the search. He was arrested and charged with possession of intoxi-

cating liquor. Whether he was tried on this charge is not shown by the record. Appellant was later arrested and charged with possessing the intoxicating liquor found by the officers. Three officers testified for the State, being the only witnesses offered. One of the officers did not know who lived in the house. The one who made the affidavit for the search warrant did not know at that time who lived in the house, but testified that he had been back there later and found that appellant was the occupant. The other officers stated that appellant "has been there 6 or 8 years, maybe longer," and "he's supposed to own it." The proof did not disclose any connection between Patton and appellant, nor did the proof show when appellant had been on the premises prior to the finding of liquor by the officers. All of the officers admitted that so far as they know people other than appellant could be living on the premises. The State did not call Truman Patton as a witness and appellant offered no proof.

██ █ It has been held in a number of cases that where intoxicating liquors are found on premises of which the defendant is in possession and control, a rebuttable presumption of fact arises that it was in his possession. Wylie v. State, 151 Miss. 897, 119 So. 825; Quick v. State, 192 Miss. 789, 7 So. 2d 887; Ratcliff, et al v. State, 199 Miss. 866, 26 So. 2d 69; Chinn v. State, 218 Miss. 724, 67 So. 2d 387; Williamson v. State, 191 Miss. 643, 4 So. 2d 220.'

██ █ Responsible possession of the intoxicating liquor must be proven by the State to justify the conviction of one accused of possession of intoxicating liquor. The cited cases hold, in effect, that the fact of responsible possession by the accused may be shown without direct proof; in other words, the law permits the jury to deduce the existence of the essential fact of responsible possession from the existence of the facts of possession and control of the premises and the finding of intoxi-

cating liquor thereon. ▮▮ ▮ This linking of facts is proper when in the experience of mankind the existence of one fact ordinarily and logically follows from the existence of the others. ▮▮ ▮ Whether this should properly be called an interference of fact or a rebuttable presumption of fact is not particularly important in this case because they are closely related and are often used synonomously. Wharton's Criminal Evidence, Vol. 1, Sec. 87. This Court has chosen to call it a rebuttable presumption of fact.

▮▮▮ An examination of our cases fails to reveal one upholding a conviction with a factual situation similar to the present case. In this case, it was not shown whether others regularly lived on the premises. It was shown that Truman Patton was on the premises at the time the liquor was found and he had been consuming liquor. It was not shown when appellant had been on the premises in relation to the time the intoxicating liquor was found. The presumption of fact relied upon by the State does not arise when the facts are as consistent with the defendant's innocence as his guilt; nor does the presumption arise in this case because it can not be said that in the experience of mankind responsible possession of the intoxicating liquor by appellant would ordinarily and logically follow from the existence of the facts proven by the direct evidence. It is equally as probable that Truman Patton was the responsible party. It is most probable that the intoxicating liquor found on the premises was the source from which Truman Patton had been drinking. Whether Patton was in the house as a resident, or just how he happened to be in the house, is not shown. The State failed to prove beyond a reasonable doubt that the defendant was guilty of responsible possession of the liquor, and the jury necessarily had to resort to mere suspicion or conjecture to reach a guilty verdict. The lower court should have sustained the motion for a directed verdict. Cf. Sellers v. City of Pica-

yune, 202 Miss. 741, 32 So. 2d 450; Foster v. State, 49 So. 2d 258.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Hall, Kyle* and *Holmes,* JJ., concur.