## Bolin *v.* State

No. 40337          January 14, 1957          91 So. 2d 847

*Sims & Sims,* Columbus; *Johnny N. Tackett,* Aberdeen, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

McGEHEE, C. J.

The appellant E. J. Bolin was tried and convicted in a justice of the peace court for the unlawful possession of intoxicating liquor, to-wit whiskey, and was sentenced to pay a fine of $250.00 and serve a sentence of 30 days imprisonment. He appealed to the Circuit Court of Lowndes County, where he was again convicted and sentenced to pay a fine of $400.00 and costs and to serve 90 days of imprisonment.

The proof in the circuit court disclosed that a Plymouth automobile containing about 30 pints of whiskey was found parked on the premises and near the house of one William Slater. The automobile belonged to Mrs. E. J. Bolin, but William Slater. testified that the appellant was seen by him placing boxes in the car and that he also saw him remove one or more boxes from the car while it was parked near Slater's house; and that on one occasion the witness asked the appellant, in substance, to do something with the car and that the appellant replied that if the witness got caught that the whiskey would be that of the appellant.

The proof further discloses that the appellant had been injured and had been in the hospital and that this car had remained parked near the house of William Slater from August until November, during a part, if not most, of which period of time the appellant had been in the hospital, but an officer testified that after they found the whiskey in the car the appellant was seen to circle the driveway near where the old Plymouth car was parked, and it seems to be the theory of the State that he failed to stop upon seeing the officer or other

persons on the premises. It appears that there was a nightclub nearby which was operated only at night during the period that the appellant was in the hospital.

■■ ■ The presumption that whiskey belongs to the owner of the premises on which it is found was, ■■■ in our opinion, overcome by the testimony of William Slater that he could not estimate the number of times that he had seen the appellant go to and from the parked automobile, and by the further testimony of Slater that when he asked the appellant to do something about the car being there on the premises of the witness, the accused replied that if the witness got caught that then the whiskey "would be his'n", meaning that it would be the appellant's whiskey. The latter did not testify or offer any other witnesses on his behalf to dispute the testimony of Slater to the effect that the whiskey admittedly belonged to the appellant.

The State's proof further disclosed that the officers in making a lawful search of the witness Slater's premises found some "wildcat" whiskey in his house, and that they then found the whiskey in question in the Plymouth automobile. Slater pled guilty as to the whiskey found in his house and paid a fine therefor, but his testimony on the trial of the appellant was sufficient to disclaim any interest in the whiskey that was being kept in the Plymouth automobile.

■■■ We think that the testimony was ample to sustain the conviction of the appellant, that the case did not rest entirely on circumstantial evidence, that the venue was sufficiently proved, that the instructions were not erroneous, and that no reversible error was committed upon the trial.

Affirmed.

*Lee, Arrington, Ethridge,* and *Gillespie,* JJ., concur.