Hɪʟʟ *v.* Stᴀᴛᴇ

No. 40893        October 6, 1958        105 So. 2d 478

*Arrington & Arrington,* Hazlehurst, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Holmes, J.

The appellant was convicted of the unlawful possession of intoxicating liquors and appeals.

One of the contentions of the appellant is that the evidence is insufficient to support the conviction and that the trial court therefore erred in denying her request for a peremptory instruction. We think this contention is well founded and we therefore address ourselves to this contention only.

The only proof in the case was that offered by the State, which was substantially as follows: The appellant occupied a house in Lincoln County in which she lived and conducted a small cafe business. She had in the house a nickelodeon, a cigarette vending machine, a Frigidaire or deep freeze, and did her cooking therein. One Dorothy Adams also stayed in the house. On the night of October 12, 1956, at about 8:45 P. M., the sheriff, accompanied by two of his deputies, procured a search warrant to search the premises of the appellant for intoxicating liquors, and went to the house of the appellant, and finding the door latched, he knocked on the door of the house and was shortly thereafter admitted by the appellant. They found from three to eight other persons in the house at the time. They found on the floor and "a little back" of the cigarette vending machine a small mayonaise jar containing a small quantity of moonshine whiskey. It is not shown that anyone claimed the whiskey. The sheriff seized the whiskey, and this prosecution followed.

The State relies upon the rule announced by this Court in a number of cases that where intoxicating

liquors are found on the premises of which the defendant is in possession and control, a rebuttable presumption arises that the liquor was in the possession of the defendant. Wylie v. State, 151 Miss. 897, 119 So. 825; Quick v. State, 192 Miss. 789, 7 So. 2d 887; Ratcliff v. State, 199 Miss. 866, 26 So. 2d 69; Chinn v. State, 218 Miss. 724, 67 So. 2d 384; Williamson v. State, 191 Miss. 643, 4 So. 2d 220.

It is also well established under the decisions of this Court that where the evidence shows that the whiskey found was equally as accessible to some person on the premises other than the defendant, and it was equally as probable that some person other than the defendant was in responsible possession and control of the whiskey, the rule relied upon by the State does not apply. Sellers v. City of Picayune, 202 Miss. 741, 32 So. 2d 450; Shumpert v. State, 91 So. 2d 745.

Under the facts of the case at bar, it is equally as probable that some person other than the appellant, namely, Dorothy Adams, who stayed in the house, or one of the other three or five persons who were in the house at the time of the search was in the responsible possession and control of the whiskey.

██ We are accordingly of the opinion that the evidence is insufficient to support the judgment of conviction and that the appellant's request for a peremptory instruction should have been granted. The judgment of conviction is, therefore, reversed and the appellant discharged.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.