248 So.2d 430 (1971)
Gary Anderson HAMBURG and Rodney Hamburg
v.
STATE of Mississippi.
No. 46285.
Supreme Court of Mississippi.
May 24, 1971.
Rex K. Jones, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by John M. Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
The appellants were indicted, tried and convicted in the Circuit Court of Forrest County, Mississippi, of the crime of possession of Lysergic Acid Diethylamide, sometimes referred to as LSD. They were sentenced to serve a term of two years in the state penitentiary, and from this sentence and judgment they have appealed to this Court. They have presented fourteen assignments of error, but we find only three assignments of error essential to a determination of this case.
The record reveals the following statement of facts. On the night of May 22, 1970, four young boys met at a skating rink in Petal, Mississippi. They got into a red and white Mercury automobile and drove to a nightclub known as the Stone Toad. Rodney Hamburg was owner and operator of the automobile. His brother, *431 Gary, James Smith and Mike Mitchell were riding in the automobile. When they reached the Stone Toad all of the occupants went into the nightclub except Mike Mitchell who stayed out in the automobile for a while. Mike Mitchell testified that during the time he was in the automobile Gary Hamburg came out and invited him to go into the nightclub. He testified that Gary showed him an aluminum box about the size of a matchbox wrapped in aluminum foil and told him: "This is LSD, said I done made one sale, I'm going in and sell it again." Mike Mitchell finally went into the nightclub but denied drinking beer. They finally left in the Mercury automobile. Rodney Hamburg drove the automobile. Gary Hamburg was in the front seat and Mike Mitchell and James Smith were in the back seat of the Mercury.
In the meantime, Joe Hopstein and Henry Brown, both deputy sheriffs, were patrolling in an automobile equipped with a police radio. They were informed on the radio, by someone at the jail, that a subject in his early twenties, short, stocky build, with dark hair, had attempted to make a sale of LSD to one of the band members at the Stone Toad. The person described left in a 1962 white-over-red Mercury which did not have a tag. He was with three other persons. The officers discovered an automobile in front of them on Hardy Street which they considered to be the automobile described by the person at the jail. They noticed that as they approached the Mercury automobile someone opened the door on the front seat and thrust his arm out. The officers stopped the automobile and made a search of the occupants. They found several pills on the floor of the automobile on the side where Gary Hamburg was sitting. They arrested Gary Hamburg for being drunk and released the others. Rodney Hamburg was later arrested for possession of Lysergic Acid Diethylamide.
The appellants contend that the search of the automobile by the officers was in violation of their constitutional rights under the Fourth Amendment to the Constitution of the United States and Section 23 of the Mississippi Constitution (1890).
This Court has previously held that an occupant of an automobile who was not the owner had no standing to object to a search of the automobile. Butcher v. State, 210 So.2d 875 (Miss. 1968); Bradshaw v. State, 192 So.2d 387 (Miss. 1966); Slyter v. State, 246 Miss. 402, 149 So.2d 489 (1963); Head v. State, 246 Miss. 203, 136 So.2d 619 (1962). See also McLemore v. State, 178 Miss. 525, 172 So. 139 (1937). However, the ruling in Head and the other cases has been modified by the holding of the United States Supreme Court. See United States v. King, 305 F. Supp. 630 (D.C., 1969); Cotton v. United States, 371 F.2d 385 (9th Cir., 1967); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1960).
It is now clear that a guest in an automobile does have a right to object to an unlawful search of an automobile if the fruits of the alleged unlawful search are sought to be used against the guest passenger.
The appellants contend that the search was illegal because the officers did not have a search warrant and did not have probable cause to arrest either of the appellants. The officers were informed by some person at the jail, over the police radio, that someone described by the informer "had attempted to make a sale of LSD to one of the band members at the Stone Toad."
The Mississippi Legislature made it a felonious crime to sell dangerous drugs which have a stimulating effect upon the central nervous system. (Chapter 396 [b] § 8, Laws 1962).
Where a felony has been committed it becomes the duty of an officer to arrest all persons who committed the crime and he may do so without a warrant under the *432 conditions expressed in the statute. Section 2470 Mississippi Code 1942 Annotated (Cum.Supp. 1970).
The officer was told that the suspect had attempted to make a sale of LSD. An attempt to commit a felony is also a felony. See Section 2017 Mississippi Code 1942 Annotated (1956). The officer was also informed that the person attempting to make the sale left in an automobile described by the informant. The officers saw an automobile "without a tag" meeting the description given by the informer on the police radio. We are of the opinion that the information given to the arresting officer was sufficient probable cause on which to make an arrest. No objection was made as to whether or not the former was a "credible person." The bulletin on the police radio was sufficient information to indicate probable cause for an arrest. Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962); Shay v. State, 229 Miss. 186, 90 So.2d 209 (1956); Parks v. State, 180 Miss. 763, 178 So. 473 (1938); Silver v. State, 110 Tex.Cr.R. 512, 8 S.W.2d 144, 60 A.L.R. 290 (1928).
In the case of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the Supreme Court of the United States held that the information given to the police as to the "blue compact station wagon" automobile by two "teenagers" was sufficient probable cause on which to base the arrest of persons found in such an automobile who were wearing apparel described by the person robbed.
The search of the immediate area surrounding the place of an arrest as an incident to an arrest is to be distinguished from a search for contraband based upon probable cause. 79 C.J.S. Searches & Seizures § 17, page 792 (1952). A search incident to an arrest is only valid when the arrest is lawful. Commonwealth v. Rubin, 82 Pa.Super. 315 (1923); Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886).
In the instant case the search of the automobile by the officers after the arrest of the defendants was a lawful search as an incident to the arrest. Powell v. State, 184 So.2d 866 (Miss. 1966); Fuqua v. State, supra; Toliver v. State, 133 Miss. 789, 98 So. 342 (1923).
We find no evidence in this case that connects Rodney Hamburg, the driver of the automobile, with the possession of the contraband (LSD). We are cognizant of the rule that one who is the owner in possession of the premises, or the vehicle in which contraband is kept or transported, is presumed to be in constructive possession of the articles found in or on the property possessed. Hill v. State, 234 Miss. 64, 105 So.2d 478 (1958); Bolin v. State, 229 Miss. 798, 91 So.2d 847 (1957); Shumpert v. State, 229 Miss. 730, 91 So.2d 745 (1957); Chinn v. State, 218 Miss. 724, 67 So.2d 384 (1953); Quick v. State, 192 Miss. 789, 7 So.2d 887 (1942); Williamson v. State, 191 Miss. 643, 4 So.2d 220 (1941).
The presumption of a constructive possession, however, is a rebuttable presumption and must give way to the facts proven. Pope v. State, 242 Miss. 454, 135 So.2d 819 (1961); Foster v. State, 49 So.2d 258 (Miss. 1950). Moreover, the rebuttable presumption of constructive possession does not relieve the State of the burden to establish defendant's guilt as required by law and the defendant is presumed to be innocent until this is done. Sellers v. City of Picayune, 202 Miss. 741, 32 So.2d 450 (1947).
In the instant case the State not only failed to connect the driver with the possession of the contraband (except by the presumption of constructive possession), but the witness for the State identified the person in possession of the LSD to be Gary Hamburg and not Rodney Hamburg, the driver. Thus, the State denied the presumption of constructive possession by showing facts of actual possession to be in another other than the owner and operator of the vehicle. The motion for a directed *433 verdict as to Rodney Hamburg should have been sustained when made at the close of the State's testimony.
The next question submitted for our determination has given this Court considerable concern since it involves the protection of youths under the juvenile law. It arose under the following circumstances. Mike Mitchell, a witness for the State, was an occupant in the automobile driven by Rodney Hamburg, and his testimony implicated Gary Hamburg with the possession of the LSD. On cross examination of this witness the defendants sought to show that the witness was a juvenile delinquent and was afraid of being returned to Columbia Training School; that he was guilty of various crimes which should go to the jury for its consideration in weighing the credibility of the witness's testimony. The trial court permitted the defendants to show on cross examination that the witness was on probation as a juvenile delinquent. However, the court would not permit the defendants to show the nature of the crimes alleged to have been committed by the witness for which he was adjudged to be a delinquent.
Ordinarily, witnesses may be questioned with reference to their interest in the action and their convictions of crimes for the purpose of showing their lack of credibility as witnesses. Section 1693 Mississippi Code 1942 Annotated (1956). In order, however, to protect children from the lasting effect of delinquent acts done in their nonage, the Legislature enacted Section 7185-09 Mississippi Code 1942 Annotated (Cum.Supp. 1970), as amended by Laws 1964 chapter 372 and Laws 1966 chapter 377 section 5, the pertinent part of which is as follows:
No adjudication upon the status of any child shall operate to impose any of the civil disabilities ordinarily imposed by conviction of adults, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction. The disposition of a child or any evidence given in the court in any proceedings concerning him shall not be admissible against the child in any case or proceeding in any other court; provided, however, that any such records, including names, shall be made available to any office or agency of the State of Mississippi or any subdivision thereof upon the request of such agency or subdivision; * * *.
It is true that in the case of State v. Kelly, 169 La. 753, 126 So. 49 (1930), the Supreme Court of Louisiana held that a juvenile witness could not be questioned to show his record as a juvenile offender in a criminal case although he was not a party defendant. The pertinent part of 10-12 LSA-R.S. § 15:972 (1967) is as follows:
The fact that a person has been committed by the court to the institute shall never be received in evidence by any court of this state thereafter in any proceeding affecting the person.
It will be noted that the preceding section 15:972 applies to "proceeding affecting the person," which could very well be considered to include his credibility.
On the other hand, Section 7185-09 Mississippi Code 1942 Annotated (Cum.Supp. 1970) has been amended so as to add:
* * * [H]owever, that any such records, including names, shall be made available to any office or agency of the State of Mississippi or any subdivision thereof upon the request of such agency or subdivision; * * *.
Moreover, the foregoing section of the Code applies only to "proceedings concerning him"  "against the child in any case or proceeding in any other court."
It is apparent from the amendments to the Code section that the Legislature did *434 not intend to prevent the knowledge of the juvenile's delinquency from being given to the proper state officials, particularly where such information could not be used against the delinquent juvenile.
The fundamental right to be confronted by the witnesses against an accused guaranteed by Art. 3, section 26, Mississippi Constitution (1890) and the Sixth Amendment to the Constitution of the United States would be an empty right if the accused were not permitted to cross examine the witnesses as to the reliability of their testimony. It is conceivable that a juvenile could be held to be delinquent because of the illegal handling of narcotics. In that case it would violate every sense of justice if one were accused by such a delinquent but was unable to show that such juvenile was in a place equally accessible to the contraband, and that he had previously been declared a delinquent by reason of his connection with the illegal handling of dangerous drugs.
We are of the opinion that the broad fundamental right of an accused to cross examine his accuser transcends the right the juvenile has to keep secret his former delinquent activity. This is particularly true under the wording of our statute which only prevents the use of the juvenile's delinquent record in proceedings concerning him.
We hold, therefore, that the motion to discharge Rodney Hamburg should have been sustained and he is hereby released and discharged. We reverse the judgment of the trial court for the failure to permit the full cross examination of the juvenile, Mike Mitchell, and remand the case for a new trial.
Reversed and remanded.
ETHRIDGE, C.J., and BRADY, PATTERSON and SMITH, JJ., concur.