362 So.2d 645 (1978)
Vincent HUDSON and Randolph Hudson, Jr.
v.
STATE of Mississippi.
No. 50379.
Supreme Court of Mississippi.
September 20, 1978.
Eaves & Eaves, G. Jyles Eaves, Louisville, for appellants.
A.F. Summer, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
*646 Before SMITH, P.J., and WALKER and BOWLING, JJ.
WALKER, Justice, for the Court:
Vincent and Randolph Hudson were convicted of felony possession of marijuana by a jury in the Circuit Court of Winston County. Each was sentenced to two years in the state penitentiary with one year suspended based on future good behavior. We reverse. The Hudsons made several assignments of error. However, due to the Court's disposition of the case, only one need be addressed.
The issue presented is whether on the facts of this case there was sufficient evidence to establish that Vincent and Randolph Hudson exercised such dominion and control over the marijuana as to constitute constructive possession of the contraband.
The state in its case in chief put on only two witnesses who testified to substantive evidence going to the alleged crime. The sheriff of Winston County and his deputy testified that on the night of January 30, 1976, they went to Mosely's Cafe with a search warrant on a 1969 Lincoln Continental with an out-of-state tag. They found the car parked outside the cafe with Vincent Hudson asleep on the backseat. After a search of the interior which produced no contraband, they searched under the hood of the car and found 52.5 grams of marijuana concealed in a small hole-like opening near the radiator. Both the sheriff and his deputy testified that when they asked who was driving the car, Vincent replied, "Randolph Hudson, Jr." The sheriff also testified that Vincent mentioned a third party, however, the sheriff could not remember the name. Randolph who was inside the cafe was then arrested along with Vincent. At trial, the state put on no proof as to the ownership of the vehicle.
In the defense portion of the trial, Vincent and Randolph denied ownership of the car as well as any knowledge of the marijuana secreted under the hood. They also testified the car belonged to Bobby Blue. A defense witness testified she was the current owner of the car and had purchased it from a Bobby Blue after the alleged crime. Other witnesses who were present at the cafe that night testified Vincent and Randolph arrived at the cafe with Bobby Blue. The defendants also testified that Blue was from Des Moines, Iowa, and that they had known him for approximately three weeks. No one knew of Blue's whereabouts at the time of trial and Blue was not arrested the night of the alleged crime, although they testified he was present at the cafe when the officers arrested the Hudsons.
In Sisk v. State, 290 So.2d 608 (Miss. 1974), we pointed out that the burden is on the state to show by competent evidence that the marijuana was subject to the dominion or control of appellant. (290 So.2d at 610). There, as here, part of the evidence relied on was hearsay evidence and the case was reversed.
In Curry v. State, 249 So.2d 414 (Miss. 1971), we stated:
What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of "possession" is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subjected to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances. (249 So.2d at 416).
The only evidence of constructive possession was: (1) the admissions of Randolph and Vincent that they had known Blue for about three weeks, had driven in the car previously with him, and on one occasion Vincent had driven in the car alone; (2) that when the marijuana was found, Vincent was in the backseat asleep and Randolph was in a cafe in front of which the car was parked; and (3) that Vincent told *647 the officers Randolph had driven the car to the cafe with him and Blue as passengers, although Vincent denied this at trial and contended that he did not know who drove the car because he was asleep.
There is no evidence in this case that the defendants exercised dominion and control over the marijuana. First, even the proximity is questionable since the marijuana was not inside the car, but secreted under the hood of the car. Second, even if such were sufficient to satisfy the proximity requirement, nevertheless, there is a total absence of "other incriminating circumstance" as required by the Curry decision.
We also note that the test of Curry is dominion and control over the marijuana not dominion and control over the automobile. The proof arguably might show temporary dominion and control over the automobile, however absent other circumstances, this alone will not suffice to prove dominion and control over the marijuana in a situation such as here presented.
This is not a case where there is a presumption of constructive possession based on ownership. See, e.g., Bolin v. State, 229 Miss. 798, 91 So.2d 847 (1957); and see discussion in Hamburg v. State, 248 So.2d 430, 432 (Miss. 1971). Nor is it a case such as Curry v. State, 249 So.2d 414 (Miss. 1971), where the marijuana was found inside Curry's car in which he was a passenger and within his reach and within his sight.
In this case, the Hudsons were not owners of the vehicle; the marijuana was secreted under the hood, outside the passenger compartment; proof of dominion and control over the automobile was scant; and there was no proof of other incriminating circumstances. Under these circumstances, the evidence was insufficient to sustain a finding of constructive possession.
REVERSED AND APPELLANTS DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.