ROY NOBLE LEE, Justice,
for the Court:
James Cutrer and Royce Doyle Lewis were indicted, tried and convicted in the Circuit Court of Forrest County, Honorable Jack B. Weldy, presiding, for the possession of a controlled substance, methamphetamine. Cutrer was sentenced to serve a term of three years with the Mississippi Department of Corrections, the last two years suspended, and fined $3000, and Lewis was sentenced to serve a term of three years with the Mississippi Department of Corrections and fined $3000. Both have appealed to this Court.
The appellants assign five errors in the trial below, but the only assignment of error which merits discussion is whether or not the lower court erred in declining to direct a verdict of not guilty for the appellants.
On the night of September 18, 1980, between 1:30 and 2:00 a.m., Officers Stan Kittrell and Lesley Jones of the Hatties-burg Police Department were riding in Officer Jones’ patrol car. He stopped at a convenience store where Officer Kittrell had left his own patrol car and Officer Kittrell got out and started toward his vehicle. Officer Kittrell noticed a brown Ford station wagon without a license plate near the gas pumps of the convenience store and, as the station wagon moved out into U. S. Highway No. 49 proceeding south, he followed the station wagon and turned on the blue emergency lights. The station wagon pulled over, stopped, and Officer Kittrell got out of his patrol car, met and talked with Cutrer at the rear of the station wagon.
Cutrer said, “Well, I know why you stopped me ... for no tag.” Officer Kitt-rell asked Cutrer for his driver’s license, but he was unable to produce one, and could not prove ownership of the vehicle. Officer Kittrell directed Cutrer to the front of the station wagon, had him place his hands upon the hood and the officer then conducted a pat-down search.
Shortly thereafter, Officer Jones, who had followed Officer Kittrell, drove in behind Kittrell’s patrol car and, as Cutrer was being taken to the front of the station wagon, Officer Jones walked to the passenger side of the station wagon. He saw Lewis squirming around in the vehicle, opened the door and asked Lewis to step out and identify himself. As Lewis got out, Officer Jones noticed that he tried to kick something under the seat. Lewis produced a social security card and Officer Jones directed him to the front of the station wagon. Officer Jones then reached down to the floorboard of the station wagon on the passenger side and picked up a small gray plastic film container with a black top. It was found in the area where Lewis had attempted to kick with his right foot. Officer Jones opened the container and found two plastic bags containing a powdery substance.
Before Lewis got out of the station wagon, Officer Jones noticed a green glass between his legs, which later turned out to be vodka and orange juice. Officer Jones had seen Lewis taking a drink from the glass when the station wagon pulled out into the highway. Officer Kittrell turned to run a check on appellant’s station wagon to discover whether or not it had been stolen and Cutrer told him there was a pistol in the glove compartment. The glove compartment was locked, Officer Jones took the keys from the ignition, opened the glove compartment, and found a loaded Smith & Wesson 9-MM automatic pistol, which he confiscated. A narcotics team was summoned and they conducted a field test of the substance found in the film container, which test proved positive for drugs.
The general rule of law which applies in considering motions for directed verdicts and requests for peremptory instructions in criminal cases has been stated so many times as to be elementary. It was restated recently in Mosley v. State, 396 So.2d 1015 (Miss.1981), where the Court said:
*1310 On request for peremptory instruction, the court considers all evidence introduced which is favorable to the State, along with reasonable inferences, and, if they are sufficient to support a verdict of guilty, the request for peremptory instruction of not guilty will be denied. Warn v. State, 349 So.2d 1055 (Miss.1977). (396 So.2d at 1017)
Upon the facts stated, the threshold question is whether or not the evidence is sufficient to support the conviction of the appellants, and, since neither appellant had the contraband on his person, whether or not the evidence is sufficient to establish constructive possession against them. In Powell v. State, 355 So.2d 1378 (Miss.1978), the Court said:
The correct rule in this jurisdiction is that one in possession of premises upon which contraband is found is presumed to be in constructive possession of the articles, but the presumption is rebuttable. We have held that where contraband is found upon premises not in the exclusive control and possession of the accused, additional incriminating facts must connect the accused with the contraband. Where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband. Sisk v. State, 290 So.2d 608 (Miss.1974). (355 So.2d at 1379)
See also Cherry v. State, 386 So.2d 203 (Miss.1980), and Curry v. State, 249 So.2d 414 (Miss.1971).
In Hamburg v. State, 248 So.2d 430 (Miss. 1971), four young boys, Bonnie and Gary Hamburg, James Smith and Mike Mitchell, went to a local nightclub in Hattiesburg. Gary Hamburg showed Mike Mitchell, who had remained in the car, an aluminum box and said, “This is LSD, said I done made one sale, I'm going in and sell it again.” Shortly afterward, all the boys left together in a Mercury automobile owned and driven by Rodney Hamburg. Gary Hamburg was seated on the front passenger side and the others were in the rear. The automobile was stopped by officers, the car was searched, and several LSD tablets were found on the floor of the automobile on the side where Gary Hamburg was sitting. The Hamburg brothers were indicted, tried and convicted for possession of LSD. In overturning the conviction of Rodney Hamburg and discharging him, the Court said:
We find no evidence in this case that connects Rodney Hamburg, the driver of the automobile, with the possession of the contraband (LSD). We are cognizant of the rule that one who is the owner in possession of the premises, or the vehicle in which contraband is kept or transported, is presumed to be in constructive possession of the articles found in or on the property possessed. Hill v. State, 234 Miss. 64, 105 So.2d 478 (1958); Bolin v. State, 229 Miss. 798, 91 So.2d 847 (1957); Shumpert v. State, 229 Miss. 730, 91 So.2d 745 (1957); Chinn v. State, 218 Miss. 724, 67 So.2d 384 (1953); Quick v. State, 192 Miss. 789, 7 So.2d 887 (1942); Williamson v. State, 191 Miss. 643, 4 So.2d 220 (1941).
The presumption of a constructive possession, however, is a rebuttable presumption and must give way to the facts proven. Pope v. State, 242 Miss. 454, 135 So.2d 819 (1961); Foster v. State, 49 So.2d 258 (Miss.1950). Moreover, the re-buttable presumption of constructive possession does not relieve the State of the burden to establish defendant’s guilt as required by law and the defendant is presumed to be innocent until this is done. Sellers v. City of Picayune, 202 Miss. 741, 32 So.2d 450 (1947).
In the instant case the State not only failed to connect the driver with the possession of the contraband (except by the presumption of constructive possession), but the witness for the State identified the person in possession of the LSD to be Gary Hamburg and not Rodney Hamburg, the driver. Thus, the State denied the presumption of constructive possession by showing facts of actual possession to be in another other than the owner and operator of the vehicle. The motion for a directed verdict as to Rodney Hamburg *1311 should have been sustained when made at the close of the State’s testimony.
(248 So.2d at 432-33)
We are of the opinion that the evidence was sufficient to support the conviction of appellant Lewis but was not sufficient to withstand a motion for directed verdict in favor of the appellant Cutrer. Therefore, the judgment of the lower court is affirmed as to Lewis and reversed as to Cutrer and Cutrer is discharged.
AFFIRMED AS TO LEWIS; REVERSED AS TO CUTRER AND CUTRER DISCHARGED.
SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PATTERSON, C. J., took no part.