# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 93-CT-00956-SCT

*ROBERT LEWIS JONES*

*v.*

*STATE OF MISSISSIPPI*

## ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 8/18/93 |
| TRIAL JUDGE: | HON. HONORABLE JAMES BACKSTROM |
| COURT FROM WHICH APPEALED: | CIRCUIT COURT, JACKSON COUNTY |
| FOR APPELLANT: | H.M. YOSTE |
| FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED - 5/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/23/97 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Robert Lewis Jones was indicted October 11, 1991, by the Jackson County Grand Jury for possession of marijuana with intent to distribute. Jones went to trial in August 1993 and was convicted of possession of more than one kilogram of marijuana. He was sentenced to nine years in the custody of the Mississippi Department of Corrections and ordered to pay a $6,000 fine and costs. Jones's appeal was assigned to the Court of Appeals, which affirmed his conviction and sentence by a vote of 6-4. This Court granted Jones's petition for writ of certiorari concerning the issue of constructive possession and the lower court's failure to grant a directed verdict. After consideration we find that Jones's conviction and sentence must be reversed and rendered.

I.

¶2. Lillian Johnson was working as a cashier at the Amoco station on Highway 613 in Jackson County on the night of March 12, 1991. That same night Imo Kibwe Jawara and Robert Lewis Jones

were riding through Jackson County in Jawara's car on their way from New Orleans back to their homes in Georgia. About 9:00 p.m. the men stopped at the Amoco station on Highway 613 to put some gasoline into Jawara's car. Jackson County Sheriff Deputy Billy Thicksten was inside of the Amoco station when Jawara and Jones stopped there.

¶3. Jawara went inside the station after putting gas in his car. When he reached into his pocket for money, he pulled out a cellophane bag which appeared to Johnson to contain marijuana. About that time Deputy Ricky Rader entered the store. Johnson told Rader what she thought she had seen. Deputy Rader informed Deputy Thicksten that the cashier believed that Jawara had marijuana in his pocket. The two deputies walked out of the station just as Jawara and Jones were pulling out onto Highway 613. The deputies followed Jawara and Jones in separate vehicles as they left the station and subsequently pulled them over to the side of the road.

¶4. Jawara, who was driving, was informed that he was pulled over because of a suspected expired Georgia tag. He was then asked if his car could be searched. Jawara allegedly gave his approval of the search. Deputy Rader found a jacket in the back seat which contained a bag containing a "green leafy substance." Jones and Jawara were then arrested for possession of marijuana. Deputy Rader then inventoried the car on the scene. He found a revolver in a briefcase in the back seat and a set of scales in the car and bags containing a similar leafy substance in the trunk of the car. The total amount of marijuana seized was approximately twelve pounds. Jawara admitted that he had entered the Amoco station to pay for the gas but denied that any of the marijuana found in his car belonged to him, stating that it had been placed there by someone else in New Orleans. Jones did not testify at trial.

## II.

¶5. Jones argues that his motion for directed verdict should have been granted due to insufficient evidence. Since Jones was not caught in actual possession, the rules concerning constructive possession come into play, as stated by this Court in *Pool v. State*, 483 So.2d 331, 336-37 (Miss. 1986):

> The theory of constructive possession has been explained, in *Curry v. State*, 249 So. 2d 414 (Miss. 1971), as follows:

> [T]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject due to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

*Id.* at 416. The theory was further defined in *Hamburg v. State*, 248 So.2d 430 (Miss. 1971), that "one who is the owner in possession of the premises . . . is presumed to be in constructive possession of the articles found in or on the property possessed." *Id.* at 432. This presumption is rebuttable, however, and does not relieve the State of its burden to prove guilt beyond a reasonable doubt. *Id.* Thus, "[w]here the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with

the contraband." **Powell v. State**, 355 So.2d 1378, 1379 (Miss. 1978). *See also* **Keys v. State**, 478 So.2d 266, 268 (Miss. 1985).

¶6. In **Cunningham v. State**, 583 So.2d 960 (Miss. 1991), Cunningham was a passenger in a pick-up truck owned and driven by Mr. Sipp. Sheriff's deputies sought to stop the truck because it was driving erratically. A search of the passenger area turned up a medicine bottle on the passenger side of the transmission hub which ran through the cab. The medicine bottle was found to contain cocaine. Both passengers denied ownership or knowledge of the cocaine. This Court stated that its decisions on constructive possession must "establish that when contraband is found on premises, there must be evidence, in addition to physical proximity, showing that the defendant consciously exercised control over the contraband, and, absent this evidence, a finding of constructive possession cannot be sustained." **Cunningham**, 583 So.2d at 962. The three factors showing constructive possession were: (1) Cunningham looked back repeatedly at the pursuing police car once the blue lights were turned on; (2) the relationship between Sipp and Cunningham was such that contraband owned by one was probably owned by both; and (3) Sipp's explanation about someone else using his truck earlier was not credible. This Court found that the evidence of possession was insufficient and reversed and rendered Cunningham's conviction. **Cunningham**, 583 So.2d at 962-63; *see also* **Curry**, 249 So.2d at 414 (Miss. 1971)(evidence of constructive possession by owner of car was sufficient where owner, who had made entire trip from Texas to Hattiesburg with car occupants, was seated in front passenger seat in close proximity to marijuana and made suspicious downward reaching motion when sighted by police); **Hudson v. State**, 362 So.2d 645 (Miss. 1978)(evidence of constructive possession was insufficient where neither driver nor passenger of car owned the car and marijuana was found hidden under hood near radiator); **Fultz v. State**, 573 So.2d 689 (Miss. 1990) (evidence of constructive possession was insufficient as to driver where marijuana was found in trunk of car which belonged to driver's sister, driver had been using car for about four hours, and driver was found to have small amount of marijuana in his wallet).

¶7. In this case there is nothing to connect Jones to this marijuana except for his presence in the car. Jones was not the one spotted by Lillian Johnson in the Amoco station as allegedly having marijuana; Jones was not connected with the jacket in the backseat of the car containing marijuana; Jones did not own or drive the car in question; Jones did not testify at trial; Jawara either denied or did not know of any connection between Jones and the marijuana in the car. The evidence was insufficient to show Jones's constructive possession of the marijuana and a directed verdict should have been granted in his favor. The judgment of the Court of Appeals and the Jackson County Circuit Court is reversed and rendered.

¶8. **REVERSED AND RENDERED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY. SMITH, J., NOT PARTICIPATING.**