McGOWAN *v.* STATE.

(En Banc.  May 13, 1940.  Suggestion of Error Overruled September 30, 1940.)

[196 So. 222.  No. 34043.]

**Martin & Farr,** of Prentiss, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

Argued orally by **Paul H. Farr** and **G. L. Martin**, for appellant, and by **W. D. Conn, Jr.,** for State.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the Circuit Court of Jefferson Davis County of the crime of the unlawful possession of intoxicating liquor, and fined $500 and sentenced to the county jail for ninety days. From that judgment, he prosecutes this appeal.

The principal evidence of appellant's guilt was obtained by a search warrant. It is contended that the search warrant was void; therefore, the evidence obtained by it should not have been admitted. Lane, a justice of the peace of district No. 5 of the county, issued the warrant. At the time he issued it, he was in the justice of the peace district No. 1 of the county. It was issued to be served and was served in district No. 5. The ground upon which it is contended that the search warrant was void is that its issuance was judicial action which Lane could not perform outside of district No. 5.

The rule is that a judicial officer has not the power to try and determine causes while physically out of his judicial district. The question therefore is whether the justice of the peace issuing the warrant in this case was acting judicially in the meaning of that principle. We think not. It is true that this Court has held that the officer issuing a search warrant acts quasi judicially. However, in doing so, he is not trying any cause. Adversary parties are not before him. He can render no final

judgment. He merely passes on whether or not the statute is complied with. In the case of Goffredo v. State, 145 Miss. 66, 111 So. 131, although not directly in point on its facts, the principle laid down is in point. Coahoma County is divided into two chancery and circuit court districts. A justice of the peace in the Clarksdale district issued a search warrant returnable before a justice of the peace in the other district. It is contended that the search warrant was void for that reason. The act creating two judicial districts in the county provided, among other things, that all crimes committed thereafter should be cognizable only in the proper court of the district in which the offense was committed. The Court held that the statute had reference to jurisdiction of offenses upon their merits; that the mere taking of an affidavit for and issuing a search warrant was not the exercise of jurisdiction.

Section 2072 of the Code of 1930 provides that ''The jurisdiction of every justice of the peace shall be coextensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county; . . .'' And Section 1975 of the chapter on Intoxicating Liquors provides for the issuance of search warrants by any ''justice of the peace of the county or county judge, or the judge of the circuit court of the district or the chancellor of the district in which the place is situated.'' We are of the opinion that under these statutes the action of the justice of the peace in issuing the search warrant was authorized.

The other grounds assigned and argued are not of sufficient merit to call for discussion.

Affirmed.