CURTIS *v.* STATE

No. 42742          November 12, 1963          157 So. 2d 401

*J. Hollis Brown,* Fulton, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McELROY, J.

The defendant was convicted in the Circuit Court of Itawamba County, Mississippi for possessing three-fourths of a half pint of liquor, and was sentenced to pay a fine of $500 and to serve 90 days in jail, 60 days of which was held up by the court.

The regular and usual affidavit for a search warrant was signed by the sheriff of the county at the courthouse in the Fifth Supervisors District before Ed Graham, a Justice of the Peace of the First Supervisors District of Itawamba County, Mississippi. The affidavit and search warrant were issued against the defendant, who lived in the Third Supervisors District of Itawamba County. The search warrant was served on the defendant and some liquor was found in his possession.

Proper objection was made to the introduction of the evidence of the sheriff as to the search warrant, and the court held that the affidavit was properly made and the search warrant properly issued.

The defendant contends, and it is admitted, that the house and premises were occupied, were in the possession of the defendant, and it was his home.

Appellant submits that this is a legal question before the court, in that if the testimony was obtained by legal search, then the jury could render only one verdict in the case, and this case should be affirmed. On the other hand, if the evidence was obtained under illegal search warrant, then the case should be reversed and the defendant discharged.

It is admitted that the Justice of the Peace, Ed Graham, was the duly elected, acting Justice of the Peace of the First Supervisors District of Itawamba County; that the affidavit for search warrant was submitted to him and he passed upon it and adjudicated that there was probable cause for issuance of the warrant in the Fifth Supervisors District of Itawamba County, that is, the county seat; and that the search warrant was issued at the same time and delivered to the sheriff in the Fifth Supervisors District of Itawamba County and given to a deputy to proceed to the Third Supervisors District where the defendant lived and was searched.

The question before us, therefore, is whether or not a justice of the peace can take an affidavit and issue a search warrant while he is physically outside of his district.

See Rodgers, Henry L., "Search and Seizure in Mississippi", 28 Miss. L. J. 20, at p. 28, which states:

"Although Section 167, Mississippi Constitution of 1890, makes all civil officers conservators of the peace, all civil officers cannot issue a search warrant. A justice of the peace, where an affidavit is lodged, may issue a search warrant, and since the mayor of a town (where there is no police justice) is an ex-officio justice of the peace, he may issue search warrants. A mayor of a town situated in two counties may issue search warrants in either county. A justice of the peace may issue search

warrants returnable to other justices of the peace in the same county.''

■■ ■ We believe this case is settled by McGowan v. State, 189 Miss. 450, 196 So. 222, which held:

''The rule is that a judicial officer has not the power to try and determine causes while physically out of his judicial district. The question therefore is whether the justice of the peace issuing the warrant in this case was acting judicially in the meaning of that principle. We think not. It is true that this Court has held that the officer issuing a search warrant acts quasi judicially. However, in doing so, he is not trying any cause. Adversary parties are not before him. He can render no final judgment. He merely passes on whether or not the statute is complied with. In the case of Goffredo v. State, 145 Miss. 66, 111 So. 131, although not directly in point on its facts, the principle laid down is in point. Coahoma County is divided into two chancery and circuit court districts. A justice of the peace in the Clarksdale district issued a search warrant returnable before a justice of the peace in the other district. It was contended that the search warrant was void for that reason. The act creating two judicial districts in the county provided, among other things, that all crimes committed thereafter should be cognizable only in the proper court of the district in which the offense was committed. *The Court held that the statute had reference to jurisdiction of offenses upon their merits; that the mere taking of an affidavit for and issuing a search warrant was not the exercise of jurisdiction.* (emphasis added)

''Section 2072 of the Code of 1930 (§ 1806, Code of 1942, Rec.) provides that 'The jurisdiction of every justice of the peace shall be coextensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county; * * *.' And Section 1975 (§ 2614, Code of 1942, Rec.) of the chapter on Intoxicating Liquors provides for the

issuance of search warrants by any 'justice of the peace of the county or county judge, or the judge of the circuit court of the district or the chancellor of the district in which the place is situated.' We are of the opinion that under these statutes the action of the ·justice of the peace in issuing the search warrant was authorized.'' See also Conwill v. State, 147 Miss. 118, 112 So. 868.

The case is therefore affirmed.

Affirmed.

*McGehee, C. J., and Gillespie, Rodgers and Brady, JJ.,* concur.

## ON SUGGESTION OF ERROR

GILLESPIE, J.

It is suggested that the Court decided this case without considering Chapter 238, Laws of 1960, which amended Sec. 1806, Miss. Code of 1942. The Section as now amended is as follows:

''1806. Where suits to be brought. — The jurisdiction of every justice of the peace shall be co-extensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county; but every freeholder or householder of the county shall be sued in the district in which he resides, if there be a justice acting therein and qualified to try the suit, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found. However if there be no justice of the peace in the district in which the defendant resides, suits or proceedings may be filed in any justice of the peace district in the county, and any justice of the peace of the district in which suits or proceedings are filed shall have jurisdiction thereof. And whenever by reason of interest, relationship to one of the parties, or other like cause, any justice of the peace shall be disqualified to preside in any case before him, the same shall be trans-

ferred to a justice of the peace in that or an adjoining district free from such objection, in the county, who shall hear and determine the same. *Nothing herein contained shall be construed as authorizing or empowering any justice of the peace to perform any official act outside of the territorial boundaries of his district, except that all justices of the peace whose districts are partially within the boundary of a county seat may perform all official acts at the county courthouse, or county office building within said county seat, regardless of the particular district in which it is actually located, as fully, completely and effectively as if such official act were performed within the district of such justice of the peace.*" (Emphasis added)

That part of the section underscored was added by the 1960 amendment. Appellant argues that the first clause of the amendment prohibits justices of the peace from performing the acts involved in issuing a search warrant except under the circumstances provided for in the latter part of the amendment. He concludes that McGowan v. State, 189 Miss. 450, 196 So. 222, which held that a justice of the peace had authority to issue a search warrant outside his district but within his county, has no further binding force as precedent because of the 1960 amendment to Sec. 1806, Miss. Code of 1942.

The Attorney General called to the attention of the Court the 1960 amendment when this case was submitted and the Court carefully considered the amendment and concluded that it has no bearing on the case. There are no words in the 1960 amendment indicating that the legislature intended to withdraw from justices of the peace the power to issue search warrants outside of their districts and within their county. The 1960 amendment actually extended the territory within which a justice of the peace might try cases when the district of such justices of the peace embraces part of the county seat.

The 1960 amendment did not prohibit the justice of the peace from issuing the search warrant in this case.

Suggestion of error overruled.

*All Justices concur, except McGehee, C. J., and Kyle, J., who were absent.*