[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 892 
Appellant was indicted for possession of marijuana and tried in the Circuit Court of Lowndes County, Mississippi. He was convicted and sentenced to three years in the State Penitentiary and fined $1,000.
Appellant, together with three other persons, rented a house trailer located on Lot 204 of the Air Base Trailer Park located in District No. 1 of Lowndes County, Mississippi. A search of the premises resulted in finding a small quantity of marijuana in the toilet bowl and on the floor around the toilet in the bathroom of the trailer.
 ASSIGNMENTS OF ERROR
1. The proof of Appellant's guilt was not such as to exclude every other reasonable hypothesis consistent with his innocence, and Appellant's motion for a directed verdict of "Not Guilty" should have been sustained.
2. The affidavit in support of search warrant obtained from the Justice of the Peace was fatally deficient in that it did not include statements by affiant of underlying facts and circumstances upon which he relied as constituting probable cause so that the magistrate could judge for himself persuasiveness of facts to show probable cause.
3. The Court erred in overruling Defendant's motion to suppress the evidence obtained by an illegal search and seizure.
4. The Court erred by allowing, over defense objection, to the rule being invoked, the recalling of Detective Walters by the State after he had heard the testimony of Detective Graves.
5. Appellant was indicted as a felon, tried, convicted and sentenced as a felon. When in fact he should have been charged with misdemeanor and sentence upon conviction should have not exceeded a misdemeanor penalty. Harold Wayne Johnson v. State of Mississippi, 260 So.2d 436, Miss. 1972.
Appellant contends, by his first assignment of error, that the State did not prove beyond a reasonable doubt to the exclusion of every other reasonable hypothesis that appellant was in possession of the marijuana found pursuant to the search and the court erred in overruling his motion for a directed verdict.
At the time of the search the four persons who rented the trailer were present together with three girls. None of the girls testified, but the other three occupants of the trailer all testified and denied that there was any marijuana in the trailer. When the officers knocked on the door of the trailer, the door was not opened immediately. One of the officers heard the toilet in the bathroom flush and proceeded immediately to the bathroom where he found the appellant who was the only occupant thereof.
Appellant testified that he arrived at the trailer about 6:00 p.m.; that the officers arrived at about 6:45 to 7:00 p.m.; that upon arrival at the trailer he followed his usual custom and took a shower and was getting ready to shave when he heard, "this big commotion outside, somebody was banging on the door and then somebody came in and there was people coming in and out of the trailer all the time. . . ."; that his roommate, Joe Weaver, came into the bathroom shortly before Officer Graves. Appellant's witness, Weaver, stated that he was in the bathroom when the officers entered the trailer, but on cross-examination admitted he was in the hall adjacent to the bathroom when the officers arrived.
Appellant correctly states in his brief that the rule in this State is that when one is the owner in possession of *Page 893 
premises, in which contraband is found, he is presumed to be in constructive possession of the articles found in or on the property possessed. Williamson v. State, 191 Miss. 643,4 So.2d 220 (1941).
In Hamburg v. State, 248 So.2d 430 (Miss. 1971) this Court stated:
 We are cognizant of the rule that one who is the owner in possession of the premises, or the vehicle in which contraband is kept or transported, is presumed to be in constructive possession of the articles found in or on the property possessed. Hill v. State, 234 Miss. 64, 105 So.2d 478 (1958); Bolin v. State, 229 Miss. 798, 91 So.2d 847 (1957); Shumpert v. State, 229 Miss. 730, 91 So.2d 745
(1957); Chinn v. State, 218 Miss. 724, 67 So.2d 384
(1953); Quick v. State, 192 Miss. 789, 7 So.2d 887
(1942); Williamson v. State, 191 Miss. 643, 4 So.2d 220 (1941).
 The presumption of a constructive possession, however, is a rebuttable presumption and must give way to the facts proven. Pope v. State, 242 Miss. 454, 135 So.2d 819 (1961); Foster v. State, 49 So.2d 258 (Miss. 1950). Moreover, the rebuttable presumption of constructive possession does not relieve the State of the burden to establish defendant's guilt as required by law and the defendant is presumed to be innocent until this is done. Sellers v. City of Picayune, 202 Miss. 741, 32 So.2d 450 (1947). [248 So.2d at 432.]
Appellant, using the reasoning of these cases, argues that since numerous other persons had equal access with the accused to the location where the contraband was found, the presumption of constructive possession is an insufficient ground upon which to base his conviction, and he was therefore entitled to a directed verdict.
In view of the totality of the circumstances shown by the proof in this case, including the fact that the officers heard the commode flush when they knocked at the door, found the appellant at the door of the bathroom, coupled with the contradiction in the testimony of appellant's witness, Weaver, about his presence in the bathroom, the evidence was sufficient to submit the case to a jury; therefore, appellant's motion for a directed verdict was properly overruled. Appellant did not make a motion for a new trial so the question of whether or not the verdict of the jury was against the overwhelming weight of the evidence is not before this Court. Hoke v. State, 232 Miss. 329, 98 So.2d 886 (1957) and Clark v. State, 206 Miss. 701, 39 So.2d 783 (1949), suggestion of error overruled 206 Miss. 701, 40 So.2d 591 (1949).
Appellant's second and third assignments of error are based on the contention that the affidavit did not include statements by affiants of underlying facts and circumstances upon which the issuing magistrate could find that reasonable cause existed for the issuance of the search warrant; therefore, his motion to suppress the evidence should have been sustained.
The underlying facts and circumstances contained in the affidavit for search warrant[1] reveals that affiants obtained their information from John Gardner, a Columbus Air Force Base police officer, who informed affiants that he, Gardner, gave a $5.00 bill to one David Grays and saw Grays go to the trailer in question on April 7, 1971; that Grays returned from the trailer and brought Gardner marijuana. *Page 894 
The rule in Mississippi with reference to probable cause was stated in Holland v. State, 263 So.2d 566 (Miss. 1972) in the following language:
 Probable cause is present "when the facts and circumstances within an officer's knowledge, or of which he has reasonably trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that a crime has been committed and that a particular individual committed it." Strode v. State, 231 So.2d 779, 782 (Miss. 1970). [263 So.2d at 567.]
In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the Court stated:
 The affidavit, then, falls short of the standards set forth in Aguilar [378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723], Draper [358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327], and our other decisions that give content to the notion of probable cause. In holding as we have done, we do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, Beck v. Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964); that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, McCray v. Illinois, 386 U.S. 300, 311, 87 S.Ct. 1056, 1062, [18 L.Ed.2d 62] (1967); that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 745, [13 L.Ed.2d 684] (1965); and that their determination of probable cause should be paid great deference by reviewing courts, Jones v. United States, 362 U.S. 257, 270-271, 80 S.Ct. 725, 735-736, [4 L.Ed.2d 697] (1960). [393 U.S. at 419, 89 S.Ct. at 590-591, 21 L.Ed.2d at 645.]
In Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) the Court said:
 "In dealing with probable cause, * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, supra, 338 U.S. at page 175, 69 S.Ct. at page 1310, [93 L.Ed. 1879]. Probable cause exists where "the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, [69 L.Ed. 543]. [358 U.S. at 313, 79 S.Ct. at 333, 3 L.Ed.2d at 332.]
When tested by the above standards, we are of the opinion that the judgment of a disinterested judicial officer was interposed between the police and the citizenry in this case; that the underlying facts were in sufficient detail to enable the issuing magistrate to ascertain that propable cause existed for the issuance of the warrant. It is obvious that the information contained in the affidavit for the search warrant was more than a casual rumor circulating, and was sufficiently detailed to constitute probable cause for the issuance of the search warrant.
Appellant argues that the statement of underlying facts and circumstances should have stated that John Gardner was a credible person and the reasons therefor. In Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962), cited with approval in Hamburg,supra, this Court stated: "Official information is presumed to be authentic." In Brooks v. United States, 416 F.2d 1044, 1049 (5th Cir. 1969), the Court held that local law enforcement officers participating *Page 895 
in a common investigation are reliable informants. We hold that there is no merit in appellant's contention that the affidavit should have shown that John Gardner was a reliable person, since he was a Columbus Air Force Base police officer.
Appellant also contends that the statement of underlying facts and circumstances is fatally defective because the affidavit does not show that David Grays was a credible person.
In Strode v. State, 231 So.2d 779 (Miss. 1970), this Court in discussing the two-part test of Aguilar stated:
 The two-part test of Aguilar requires a magistrate to be informed of (1) some of the underlying circumstances from which the informer concluded that the defendant was the one guilty of the offense, and (2) some of the underlying circumstances from which the officer concluded that the informer was credible or his information reliable. In short, under the basis-of-knowledge test, the informer must have obtained his knowledge by personal observation or in some other dependable manner rather than through casual rumor. The second reliability test is an attempt to guard against tips provided by untruthful or unreliable informers, and suggests that an informer is credible if he has provided truthful tips in the past. Moreover, the information may be deemed reliable if corroborated by independent investigation. Both tests require only that some of the underlying circumstances be sworn to. Furthermore, in Spinelli, the Court indicated that the basis-of-knowledge test could be fulfilled without a statement of the circumstances from which the informer derived his information; i.e., if a tip is sufficiently detailed, it may be self-verifying, and one may conclude that the informer was not relying on mere rumor. . . . (231 So.2d at 783.)
Although the affidavit could have stated in more detail the underlying circumstances from which the officer concluded that the informer was credible or his information reliable, the basis-of-knowledge test was fulfilled because the tip received by the Columbus Air Force Police Officer was sufficiently detailed to be self-verifying. It was apparent that the informer was not relying on mere rumor because he had gone to the trailer in question and returned with marijuana.
Appellant contends that, since the property to be searched was located in District No. 1 of Lowndes County, Mississippi, error was committed when the issuing magistrate, who was a Justice of the Peace of District No. 2 of Lowndes County, Mississippi, made the search warrant returnable before himself rather than the Justice of the Peace of District No. 1.
In McGowan v. State, 189 Miss. 450, 196 So. 222 (1940), this Court held that a Justice of the Peace of one district was authorized to issue a warrant while physically located outside his district to search property outside his district.
We agree with appellant that it was improper for the warrant to be returned to the Justice of the Peace of District No. 2; however, this error is harmless because the appellant was not tried before the Justice of the Peace of District No. 2, but was indicted by the Grand Jury and tried in the Circuit Court. The record does not disclose whether or not a preliminary hearing was held, but if one was held, appellant should have raised the question of the lack of jurisdiction of the Justice of the Peace of District No. 2. to conduct a preliminary hearing with reference to a search made in District No. 1. Upon such objection the preliminary hearing could then have been transferred to a Justice of the Peace of the proper district.
Appellant complains that the search warrant is invalid because the Justice of the Peace did not administer an oath to George Graves and Henry Walters at the time they signed the affidavit for search warrant. *Page 896 
The record shows that Walters, one of the affiants, made a preliminary investigation before the issuance of the search warrant and called the other affiant, George Graves, to bring the Justice of the Peace to the Columbus Air Force Base for the purpose of the issuance of a search warrant.
This question was answered contrary to appellant's contention in Atwood v. State, 146 Miss. 662, 111 So. 865 (1927), wherein the Court stated:
 The affiant went to the justice of the peace for the avowed purpose of obtaining a search warrant, and the justice of the peace knew that he came for that purpose. Both of them knew that an oath was necessary to be administered before the warrant could be issued, and with that knowledge each of them did what he considered proper for the administration of the oath. The affiant, in the presence of the justice of the peace, signed the affidavit; the justice of the peace thereupon affixed his jurat thereto, and issued the search warrant in proper form. Although not a word was said by either in reference to an oath, they both knew an oath was necessary, and both intended that the necessary thing should be done in order to obtain the search warrant. We think, by construction, what occurred amounted to the taking of the necessary oath by the affiant. One may speak as plainly and effectually by his acts and conduct as he can by word of mouth. It follows from these views that the trial court committed no error in admitting the evidence obtained by the search warrant. (146 Miss. at 670, 111 So. at 866.)
Since we have held that the affidavit was sufficient, we do not reach the error, if any, in recalling the witness Walters after he had heard the testimony of the witness Graves, after the rule had been invoked, because this testimony was given on the motion to suppress and not on the trial of the case.
Appellant also contends that under Johnson v. State,260 So.2d 436 (Miss. 1972), he should have been sentenced for a misdemeanor rather than for a felony. The State admits this in its brief, and the cause will be remanded for sentencing in accordance with the finding of this Court in Johnson v. State, supra.
Affirmed and remanded for proper sentence.
All Justices concur.
[1] Information from John Gardner, Columbus Air Force Base police officer that he gave a $5.00 bill Serial Number F-26160750B to a David Grays and saw the said David Grays go to the trailer located as described in Section 1 of this affidavit.
The said David Grays came away from said trailer and brought John Gardner marijuana.
This event took place on April 7, 1971. *Page 911