394 So.2d 316 (1981)
Warren Robert BROWN
v.
STATE of Mississippi.
No. 52309.
Supreme Court of Mississippi.
February 25, 1981.
Thomas E. Royals, Robert H. Taylor, Jr., Royals, Taylor & Epps, Jackson, for appellant.
Bill Allain, Atty. Gen., by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
*317 ROBERTSON, Presiding Justice, for the Court:
Warren Robert Brown was indicted in the Circuit Court of the First Judicial District of Hinds County, Mississippi, for the murder of Garnett L. Hawkins. The jury found him guilty of manslaughter, whereupon the court sentenced him to 20 years with the Mississippi Department of Corrections.
Appellant has assigned as error:
I. The trial court erred when it admitted statements by the defendant which were obtained as the result of an illegal arrest and in violation of the standards enumerated in Miranda v. Arizona.

II. The trial court erred in refusing instructions numbered D-13 and D-14 concerning self-defense and further erred by restraining defense counsel from arguing self-defense to the jury.
III. The verdict of the jury was against the overwhelming weight of the evidence because statements of non probative value were admitted, and for other reasons.
On May 21, 1979, Garnett Hawkins was found dead in his bedroom at the Catalina Apartments in Jackson, Mississippi. A claw hammer was embedded in his skull. An examination by the coroner determined that the injuries resulting in Hawkins' death occurred on May 19 or May 20, 1979. Subsequently, on August 18, 1979, Hawkins' body was exhumed and an autopsy performed by Dr. Rodrigo Galvez. His examination revealed that Hawkins had also been shot in the chest, however it was his opinion that this was not the cause of death, but that the cause of death was the blow to the back of the head with the claw hammer.
Jerry Jones, a former roommate of Hawkins, met the defendant at a local Gay bar in Jackson, and the defendant moved in with Hawkins and Jones. About a week later, Jones moved out but defendant Brown continued to live with Hawkins, living with him for about 30 days before Hawkins' death. Brown was missing at the time Hawkins' body was discovered on May 21.
Mrs. Kathryn Rhodes, Hawkins' sister, last spoke to him on the telephone about 10:00 A.M. May 19. The next day, May 20, she noticed that Hawkins' car was not in the parking lot at the apartment complex, and she was unable to reach him by telephone. Hawkins' automobile was subsequently found abandoned in Memphis, Tennessee. Defendant Brown used a credit card belonging to Hawkins on May 19, 1979, in Memphis, Tennessee, to purchase a bus ticket. On May 22, 1979, Brown approached Richard Farris at the bus depot in Chicago, Illinois, with the credit card of Hawkins to purchase another bus ticket. While waiting on Brown, Farris checked the credit card and discovered that it was stolen. When Farris asked Brown to wait, because of some difficulty with the card, Brown disappeared. He was subsequently picked up by Winnipeg police in Winnipeg, Canada. A computer check revealed an outstanding arrest warrant in Jackson, Mississippi, for Brown. When Canadian officers contacted Jackson, they were asked for their assistance in the investigation of Hawkins' death.
Brown was informed of the charge by the Canadian police, and asked if he understood his rights under American law. The defendant indicated that he knew his rights, and then made several entirely voluntary statements which were incriminating, although he never actually confessed that he killed Hawkins. The one time that he asked to talk to an attorney, he was allowed to do so. Brown was subsequently returned to Jackson.
John Bell, a cellmate of the defendant while incarcerated in the Hinds County jail, testified that Brown told him that he had killed a homosexual, although Brown never mentioned any name.

I.
Officer L.L. Fisher and Detective Paul Karpenko of the Winnipeg, Canada, police department, testified that, after contacting the Jackson police department and being *318 requested to give any assistance they could in regard to the investigation into the death of Hawkins, they asked defendant Brown if he knew his rights under American law and Brown answered that he did. In addition, they gave him the Canadian caution, which was that he was not bound to say anything and that anything he did say may be taken down in writing and used in evidence. Fisher and Karpenko both testified that thereafter the defendant made statements that were entirely voluntary. Both stated that they were merely asked by the Jackson Police Department to help in the investigation, but that they were not instructed as to how they should assist, nor were they under the direction or control of the Jackson Police Department in any way.
Brown asserts that any statements he made to the Canadian officers were obtained in violation of Miranda, because he was not advised of his Miranda rights. There is no merit in this argument. It is elementary that Miranda warnings are not applicable to custodial interrogations made by police of a foreign country. United States v. Chavarria, 443 F.2d 904 (9th Cir.1971); United States v. Nagelberg, 434 F.2d 585 (2nd Cir.1970); United States v. Welch, 455 F.2d 211 (2nd Cir.1972); Kilday v. United States, 481 F.2d 655 (5th Cir.1973). These Federal cases mention one exception to this rule, and that is where the American officers and foreign police officers are engaged in a joint venture, or where the foreign police officers are agents of the American officers, or under the control and direction of the American officers, to such an extent that they are merely the alter ego of the American officers. The Jackson police officers do not fit that exception. No one from the Jackson police department was present when defendant Brown was questioned by the Canadian officers. They had merely received a request from the Jackson police to assist in the investigation of the death of Hawkins. No directions or instructions were given as to how the Canadian officers should conduct their investigation.
Brown next contends that there was not probable cause for the issuance of the arrest warrant by the Jackson police. The affidavit for the arrest warrant stated:
"On 5/21/79, the body of Garnett L. Hawkins was discovered at 1717 West Capitol Street, Apartment 203. Investigation showed that Garnett L. Hawkins was killed sometimes between the dates of 5/19/79 and 5/21/79. After the body of Garnett L. Hawkins was discovered an attempt was made to locate Warren Brown, the room-mate of said Garnett L. Hawkins due to Garnett L. Hawkins' car being missing. On 6/1/79 Garnett L. Hawkins' car was recovered in Memphis, Tennessee. The investigation showed that a subject identified as Warren Brown had purchased a greyhound bus ticket from Memphis, Tennessee to St. Louis, Missouri on 5/19/79 using the Visa credit card of Garnett L. Hawkins."
As this Court stated in Neves v. State, 268 So.2d 890 (Miss. 1972):
"The rule in Mississippi with reference to probable cause was stated in Holland v. State, 263 So.2d 566 (Miss. 1972) in the following language:
Probable cause is present `when the facts and circumstances within an officer's knowledge, or of which he has reasonably trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that a crime has been committed and that a particular individual committed it.' Strode v. State, 231 So.2d 779, 782 (Miss. 1970). [263 So.2d at 567.]
268 So.2d at 894.
There is no merit in Brown's contention. The affidavit states sufficient facts to constitute probable cause.

II.
Brown next contends that the trial court erred in refusing instructions D-13 and D-14 on self-defense, and in not permitting counsel to argue self-defense to the jury. There is no merit in this assignment of error. Instructions D-13 and D-14 are long, involved instructions that do not correctly *319 state the law on self-defense. In addition to the fact that these refused instructions were incorrect and did not accurately state the law, the court's instructions 11 and 12 correctly stated the law of self-defense. It is well settled law in Mississippi that a failure to grant an instruction does not constitute error where the refused instructions are covered by other instructions given to the jury. Mallette v. State, 349 So.2d 546 (Miss. 1977).
The court was correct in not allowing defense counsel in his closing argument to argue a homosexual attack as bearing on self-defense. Brown never admitted killing Hawkins, much less that he killed him in self-defense, while Hawkins made a sexual advance on Brown.

III.
The last assignment of error is that the verdict of the jury was against the overwhelming weight of the evidence. There is no merit in this contention. The entirely voluntary statements given to the Canadian officers after the Canadian caution was given, and the further statements given to the Jackson police after a full statement of his Miranda rights, are strongly incriminating. The circumstantial evidence is strong. The jury was amply justified in concluding from the evidence beyond a reasonable doubt that Brown killed Hawkins, and that it was neither an excusable nor justifiable homicide. The evidence would have supported a verdict of murder, much less a verdict of the lesser included offense of manslaughter.
For these reasons, the verdict of the jury and the sentence of the court are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.