JAMES v. STATE.*

(Division B.   June 1, 1925.)

[104 So. 301.   No. 24857.]

HOMICIDE.   *Not justified by mere knowledge of threat.*

  Homicide was not justified as stated by requested instruction, merely because defendant knew deceased had threatened his life; but it was necessary that there should have been in addition, at the time of the homicide, an overt act of deceased indicating purpose to carry out the threat.

---

*Headnote 1. Homicide, 30 C. J., section 237; On admissibility in evidence of threats for the purpose of justifying homicide, see notes in 17 L. R. A. 654; 2 L. R. A. (N. S.) 104, 3 L. R. A. (N. S.) 523; 13 R. C. L. 922

APPEAL from circuit court of Grenada county.

HON. T. L. LAMB, Judge.

Phillip James was convicted of murder, and appeals. Affirmed.

*Bruce D. Newsom* and *N. W. Newsom,* for appellant.

The testimony shows that Gene Eskridge had made threats against the life of Phillip James and that they had been communicated to him, and that he, Gene Eskridge, on one occasion went in and got his gun and started and tried to cut Phillip James off from the church and that Phillip James tried to evade trouble wtih Gene Eskridge.

The court erred in refusing the following instruction for the defendant: ''The court instructs the jury that if you believe from the evidence that Gene Eskridge had threatened to take the life of Phillip James and that he acted on this threat, you will write your verdict, 'We the jury find the defendant ''Not Guilty.'' ' ''

The evidence will show that this instruction for the defendant should have been given. This Gene Eskridge had made threats against the life of Phillip James and these threats had been communicated to him. Gene Eskridge had been carrying a gun for Phillip James and had tried to cut him off. Phillip James was scared of Gene, as testified, and then Gene reached after his pistol at the time of the killing and came out with it and made a shot at Phillip James and then Phillip James shot him. So it is our belief that this instruction should have been given for the defendant.

The evidence in this cause, in our opinion, was sufficient to justify an acquittal and the verdict was contrary to the law and evidence in this case.

*F. S. Harmon,* Special Assistant Attorney-General, for the state.

It is so clear from a most casual reading of this record that it is entirely free from error that counsel for the

state shall do nothing more than call the court's attention to the pertinent facts upon which the jury based the verdict.

It is insisted, that the testimony of certain witnesses for the defense as to threats made by the decreased to take the life of this appellant, which threats were communicated to him, justified this appellant in shooting down the deceased. If the deceased had committed any overt act at the time of the homicide, this argument would be sound, but by the defendant's own admission, R. 58, we find that after making these threats, the deceased came upon the appellant two or three times at church and the deceased had a pistol and pulled it out and "bantered the appellant" and even shot off the gun but did not shoot at this appellant, although James admitted, R. 59, that there was nothing in the world to keep deceased from shooting him on these occasions. James contends that the deceased pulled a pistol out of his bosom and fired one shot at him and then he pulled his gun and commenced shooting, but the jury did not believe this story, and the jury had a right to disbelieve it and did disbelieve it. The only uncontradicted portion of the evidence for the defendant is that the deceased had threatened him, and threats alone, even though communicated, are certainly not sufficient ground for taking the life of a human being, who has committed no overt act.

The instruction sought told the jury that a communicated threat was sufficient justification for this appellant to take the life of the deceased. Certainly, this is not the law, and this court has so held. The testimony as to the threat was properly admitted, but the threat alone was not sufficient to justify the taking of the life of the deceased.

Therefore, both on the law and the evidence, the conviction of this appellant was proper, and we respectfully ask that this cause be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellant, Phillip James, was indicted and convicted in the circuit court of Grenada county of the murder of Gene Eskridge and sentenced to the penitentiary for life, from which judgment he prosecutes this appeal.

Two errors are assigned: (1) That the evidence was insufficient to support the conviction; (2) that the court erred in refusing to instruct the jury, at the request of appellant, that if they believed from the evidence the deceased had threatened the life of appellant, which threat had been communicated to appellant, and the latter, because of such threat, shot and killed the deceased, the jury should acquit appellant.

1. With reference to the sufficiency of the evidence to sustain the conviction, we have to say that we. have carefully read and considered the evidence and . are of the opinion that it was sufficient to justify the verdict of the jury.

2. The instruction requested by appellant is clearly erroneous. By it the appellant sought to have the court charge the jury that appellant had the right to kill the deceased because he knew deceased had threatened his life. This is not the law. It took more than a threat by deceased against the life of appellant to justify the latter in killing the deceased. There must have been in addition, at the time of the. homicide, an overt act on the part .of the deceased indicating a purpose to carry out such threat.

*Affirmed.*