418 So.2d 69 (1982)
Winford Dee HOLLIDAY, Jr.
v.
STATE of Mississippi.
No. 53355.
Supreme Court of Mississippi.
August 11, 1982.
*70 Farese, Farese & Farese, John B. Farese, Ashland, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BROOM and ROY NOBLE LEE, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Tippah County, Mississippi, wherein the appellant was indicted for murder but convicted of manslaughter and sentenced to a term of eighteen years in the Mississippi Department of Corrections, with six years suspended. From this conviction and sentence, he appeals. We affirm.
On April 13, 1980, the appellant, Dee Holliday, and one Jerry Akins passed the time drinking beer they had purchased earlier in the afternoon in Tennessee.
While sitting in appellant's pickup, Jerry Mohundro approached and asked if they cared to share his gin. Mohundro also had a premixed canned alcoholic beverage he was drinking. Akins and appellant turned down the gin offer as they continued to drink their beer. Mohundro joined them in the cab of the pickup. Shortly thereafter the three were joined by Mickey Raul. As the truck became crowded all four went into the kitchen of appellant's home where they sat at the table drinking their libations. Approximately one hour later, Raul left.
Mohundro and appellant discussed the possible sale of appellant's car. According to Akins both kind of got to arguing about it. Akins left the kitchen for a short period of time. After he came back in and sat at the table Mohundro spit on the floor but denied doing it upon being questioned.
Appellant asked Mohundro to leave. Both Akins and the appellant testified that Mohundro threatened Holliday stating, "I'll be laying for you, and I'll get you." Again appellant asked Mohundro to leave to which he answered he would leave when he got ready to. According to appellant Mohundro's exact words were "I'll leave when I get damn good and ready too." From this point the testimony as to Mohundro's actions is conflicting.
According to Holliday, Mohundro told him "... I know you've got that little gun, so just make your move." Again appellant asked Mohundro to leave. Mohundro stated, "I'll just kill you now." Appellant testified that Mohundro "... jumped up from the table; knocked his chair over, and he had his hand in his pocket when he came up ... and lunged toward me. That's when I shot him ... I just shot 'til he quit coming... ." Mohundro was shot at least six times.
Akins testified that Mohundro got up and jumped back from the table and was shot by appellant. He was completely up when the shots rang out. Akins did not notice the position of Mohundro's hands when he jumped back from the table nor did he see Mohundro with any sort of weapon. No weapon of Mohundro's was found at the scene.
E.B. Jones, an emergency medical technician, responded to a 10:30 p.m. call concerning the shooting. He found Mohundro in the kitchen of Holliday's residence between the table and wall lying on his side. Holliday admitted shooting Mohundro. *71 Jones placed Mohundro in the ambulance and transported him to the hospital. Sheriff Crum of Tippah County arrived at the scene shortly after Mohundro's body was moved from the house. Holliday told the sheriff he shot Mohundro and handed him a .25 automatic pistol containing two live rounds.
Dr. Benton M. Hilburn, a practicing surgeon, and Dr. John Michael Hoya, a practicing physician, treated Mohundro at the North Mississippi Medical Center. Dr. Hilburn testified he believed there were six gunshot wounds on Mohundro's body and Dr. Hoya drew a diagram for the jury locating seven gunshot wounds. Mohundro died several days after being admitted to the hospital as a result of "an overwhelming infection secondary to his injuries."
The appellant was indicted for the murder of Jerry Mohundro. Following a trial by jury, he was convicted of manslaughter and sentenced to a term of eighteen years in the Mississippi Department of Corrections, with six years suspended.
The appellant assigns the following as error:

I.
The lower court erred in not directing a verdict of acquittal for appellant at the conclusion of all of the evidence, there being no competent evidence to contradict appellant's version of the homicide which made out a clear case of self-defense.
Upon conclusion of trial, the appellant moved for a directed verdict "based on the fact the State has not presented evidence establishing a prima facia [sic] case against the defendant ..." and also made a request for a peremptory instruction. Both requests were denied.
The case clearly presents an issue for the jury's determination and their verdict is supported by the evidence. Cutrer v. State, 410 So.2d 1308 (Miss. 1982).

II.
The lower court erred in not directing a verdict of acquittal at the close of all of the evidence in this case because the state failed to prove corpus delicti.
Dr. Benton M. Hilburn testified as to the cause of Mohundro's death as follows:
Q. Who declared him dead?
A. I did.
Q. And what was the cause of death of Jerry Mahundra? [sic]
A. We felt the cause of death was overwhelming infection secondary to his injuries.
Q. The injuries being ...
A. From the wounds, the gunshot wounds.
Q. Doctor, in fact, what you're saying is the cause of death was gunshot wounds?
A. Yes.
Mohundro died in the hospital several days after his admission for treatment of his gunshot wounds and the jury was justified in determining the gunshot wounds were a substantial contributing cause of death. In Schroer v. State, 250 Miss. 84, 160 So.2d 681 (1964), we stated:
The unlawful act or omission of accused need not be the sole cause of death. The test of responsibility is whether the act of accused contributed to the death, and, if it did, he is not relieved of responsibility by the fact that other causes also contributed. Moreover, responsibility also attaches where the injury materially accelerates the death, although the death is proximately occasioned by a preexisting cause. 40 C.J.S., Homicide, § 11. (250 Miss. at 91, 160 So.2d 681).

III.
The lower court erred in not sustaining appellant's motion for a new trial because the conviction for manslaughter was against the overwhelming weight of the evidence.
The deceased and appellant both had been drinking on the day of the shooting incident. An argument ensued while both were seated around appellant's kitchen table. The deceased aggravated appellant by spitting on his floor and denying it. Upon being asked to leave appellant's home, the *72 deceased became belligerent and refused to leave. When he arose from the table Mohundro was shot at least six times. No weapon was found on or near Mohundro's body. The testimony was conflicting as to whether or not Mohundro lunged toward the appellant as if to cause him great bodily harm.
In Stennis v. State, 234 So.2d 611 (Miss. 1970), we stated:
Furthermore, we have held that a person may not use more force than reasonably appears necessary to save his life or protect himself from great bodily harm; that where a person repels an assault with a deadly weapon, he acts at his own peril and the question of whether he was justified in using the weapon is for determination by a jury unless there is no reasonable inference in the evidence except that the use of the deadly weapon appeared necessary to protect the person from death or great bodily harm at the hands of his assailant. Blackwell v. State, 44 So.2d 409 (Miss. 1950); Howard v. State, 18 So.2d 148 (Miss. 1944); Bangren v. State, 196 Miss. 887, 17 So.2d 599 (1944). (234 So.2d at 614).
The appellant asserts the facts in this matter make out a clear case of self-defense. In his argument he stated that one may act on reasonable appearances of danger, the law requiring only that one be in danger, real or apparent. Further, he need not prove he acted in justifiable self-defense, but only that he raise a reasonable doubt of his guilt on the charge against him. Scott v. State, 203 Miss. 349, 34 So.2d 718 (1948).
In the recent case of Cooley v. State, 391 So.2d 614 (Miss. 1980), we carefully reviewed several cases which set forth the conditions upon which a plea of self-defense may lie as follows:
Insulting words can never justify a homicide unless they are of such nature as to cause defendant to believe he is threatened with grave, impending danger. [Reed v. State, 197 So.2d 811, 814 (Miss. 1967)].
Be that as it may, there is no principle of criminal law better settled  none more necessary to the peace of society, and the safety of human life  than that threats, however deliberately made, do not justify an assault and battery, much less the taking the life of the party making them. That is excused when done in the necessary defense of one's own life, or to escape great bodily harm.
[T]he law tolerates no justification, and accepts no excuse for the destruction of human life, on the plea of self-defense, except that the death of the adversary was necessary, or apparently so, to save his own life, or his person from great bodily injury, and there shall be imminent danger of such design being accomplished. The danger to life, or of great personal injury, must be imminent, present at the time of the killing, real or apparent, and so urgent that there is no reasonable mode of escape except to take life.
[Evans v. State, 44 Miss. 762, 773 (1871)].
It is not true that a party has a right to kill another on the first appearance of danger. The rule is that to defend on alleged threats and apprehension of threats there must be a demonstration by the party making the threat which would induce a reasonable man to believe that there was danger of such threat being immediately executed.
[Molphus v. State, 124 Miss. 584, 598, 87 So. 133, 135 (1921)].
The instruction requested by appellant is clearly erroneous. By it the appellant sought to have the court charge the jury that appellant had the right to kill the deceased because he knew deceased had threatened his life. This is not the law. It took more than a threat by deceased against the life of appellant to justify the latter in killing the deceased. There must have been in addition, at the time of the homicide, an overt act on the part of the deceased indicating a purpose to carry out such threat.
[James v. State, 139 Miss. 521, 524, 104 So. 301, 302 (1925)].

*73 To make a homicide justifiable on the grounds of self-defense, danger to slayer must be either actual, present and urgent, or slayer must have reasonable grounds to apprehend design on part of deceased to kill him or to do him some great bodily harm and, in addition to this, to apprehend that there was imminent danger of such design being accomplished; mere fear, apprehension, or belief, however sincerely entertained by one person that another designs to take his life or to do him some great bodily harm will not justify former taking life of the latter.
[Bright v. State, 349 So.2d 503 (Miss. 1977)].
The testimony of the state's witness, Akins, with regard to the posture of Mohundro prior and at the time of the shooting clearly raised an issue for the jury's resolution. The jury is the sole judge of the credibility of the witnesses and the weight and worth given to their testimony. Gathright v. State, 380 So.2d 1276 (Miss. 1980).
The jury was properly instructed as to the appellant's theory of self-defense. It was within their province to consider appellant's version of self-defense along with the evidence which contradicted his testimony in determining his guilt or innocence. The issue of appellant's guilt was properly presented to the jury. Based upon the evidence introduced, we find appellant's contention that the verdict was contrary to the overwhelming weight of the evidence is without merit.

IV.
The lower court erred in not sustaining appellant's motion for a new trial for the reason that appellant was denied due process of law when the trial court allowed the state to engage in jury argument which was inflammatory, prejudicial and which invaded the province of the jury. We find this assignment of error to be wholly without merit and warrants no discussion.
Finding no reversible error, the judgment and sentence are affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.