# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-KA-00531-SCT

*FELTON MARTIN, JR.*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/1997 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS M. FORTNER |
| | ROBERT M. RYAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED- 09/06/2001 |
| MOTION FOR REHEARING FILED: | 9/19/2001; denied 1/31/2002 |
| MANDATE ISSUED: | 2/7/2002 |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. In October of 1996, Felton Martin, Jr. and Darrin C. Fox, Jr. were indicted in the Hinds County Circuit Court for possession of marijuana with intent to distribute. The two cases were consolidated, and Martin and Fox were jointly tried and convicted by a jury on January 31, 1997. Martin was sentenced as a habitual offender, to serve 20 years pursuant to Miss. Code Ann. §  99-19-81 (2000).[1] Aggrieved, Martin now appeals, raising the following two issues:

> **I. THE VERDICT OF THE TRIAL JURY IS CONTRARY TO ESTABLISHED PRINCIPLES OF LAW AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE ELICITED AT THE TRIAL.**
>
> **II. THE TRIAL COURT ERRED IN ALLOWING THE STATE TO ELICIT EXPERT TESTIMONY FROM DETECTIVE PRESTON CARTER IN VIOLATION OF THE RULES OF DISCOVERY AND WITHOUT HAVING BEEN QUALIFIED, OFFERED OR TENDERED AS AN EXPERT AT TRIAL IN ANY RECOGNIZED OR GENERALLY ACCEPTED AREA OF EXPERTISE.**

¶2. Finding the first issue dispositive of the case, there is no need to analyze the second, and we reverse and render.

## FACTS

¶3. On March 21, 1996, six police officers, pursuant to a search warrant, entered the Jackson home owned by Darrin Fox's mother, where they arrested six individuals and recovered slightly more than eight ounces of marijuana. Those arrested included: Felton Martin, Jr. (the Appellant); Darrin Fox (Martin's co-defendant); DeMarcus Kelly; Gregory Fox (Darrin's brother); Marland Buckley; and Shannon Hunter. The police discovered the marijuana in the kitchen, and according to one officer's testimony, Martin was standing over two Tupperware containers filled with marijuana and "looked like he was pulling his hands out of them or didn't know what to do with them". He subsequently described Martin as standing "with his hands like he was going to grab something but he didn't really know what to do." On cross-examination this officer, when asked if Martin had a bowl in his hand, stated "I didn't say it was in his hand. I said he was standing over it." Only on re-direct, reading his notes, did the officer state that Martin "was observed handling the substance contained within the plastic container." No other testimony from any of the officers indicated Martin had any contact with the marijuana. The same officer testified that Darrin Fox was standing over the bowls and "had a pair of scissors that was over the containers" and that one container was filled with small plastic bags of marijuana, of the type used for distribution and referred to as "dime bags".

¶4. Testifying in his own defense, Martin denied that he had been handling the marijuana and claimed that he had only entered the home a few minutes before the police arrived. Although Martin admitted that he knew the others "they was [sic] over there messing with marijuana," he denied that he was in any way involved, saying he was just trying to put the beer in the refrigerator so he could get on back outdoors. Martin also called Marland Buckley, Shannon Hunter and Gregory Fox in his defense, and each of these witnesses testified that the marijuana belonged to DeMarcus Kelly (who was not subpoenaed to testify) and that Martin and Darrin Fox had only arrived minutes before the raid commenced.

¶5. At the conclusion of trial, the jury convicted Martin and Darrin Fox, and each was sentenced as a habitual offender to twenty years in the custody of the Mississippi Department of Corrections. After denial of his post-trial motions, Martin appealed.

## ANALYSIS

### I. THE VERDICT OF THE TRIAL JURY IS CONTRARY TO ESTABLISHED PRINCIPLES OF LAW AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE ELICITED AT THE TRIAL.

¶6. When reviewing a claim that a jury verdict is against the overwhelming weight of the evidence, we have stated:

> In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit has abused its discretion in failing to grant a new trial. Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict. (internal citations omitted.)

*Herring v. State*, 691 So.2d 948, 957 (Miss. 1997).

¶7. Martin argues that the evidence offered in this case does not support a finding of possession in this case. Martin concedes that the State need not prove actual physical possession, but argues that the State failed in its burden of proving constructive possession. We have recently articulated the constructive possession rule as follows:

> [T]here must be sufficient facts to warrant a finding that defendant was aware of the presence of the particular substance and was intentionally and consciously in possession of it. It need not be actual or physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

*Hamm v. State*, 735 So.2d 1025, 1028 (Miss. 1999)(quoting *Curry v. State*, 249 So.2d 414, 416 (Miss. 1971)). In *Jones v. State*, 693 So.2d 375, 377 (Miss. 1997), we applied this rule to reverse a marijuana conviction where the defendant was a passenger in a car where the drugs were found, and where there was no other evidence connecting him to the drugs. Likewise, in *Naylor v. State*, 730 So.2d 561, 566 (Miss. 1998), we reversed a conviction for possession of cocaine where the defendant was found in a bathroom along with another suspect who was trying to flush the cocaine down the toilet to prevent its seizure by police.

¶8. In affirming the conviction of Martin's co-defendant Darrin Fox, we held that the State had provided sufficient evidence to allow a reasonable jury to conclude that Fox was in constructive possession of the marijuana, stating:

> [T]he fact that Fox had a pair of scissors in his hand while standing near containers with freshly cut marijuana in a house owned by his mother and with no one else in the house shown to have had a substantial connection to it or control of it, shows Fox had constructive possession.

*Fox*, 756 So.2d at 758.

¶9. Unlike Fox, Martin was not holding any scissors or anything else which directly tied him to the marijuana, and the house was owned by Fox's mother, rather than anyone with a connection to Martin. Furthermore, none of the prosecution testimony indicates that Martin exercised actual or constructive dominion over the marijuana. For example, the cross-examination of Detective Richard Nations reflects the following exchange:

> Q. And the other one [Martin] had a bowl or something in his hand; is that right?
>
> A. I didn't say it was in his hand. I said he was standing over it.
>
> Q. Okay. So he was standing over a bowl?
>
> A. Yes, sir.

¶10. The State elicited the following testimony on redirect:

> Q. Okay. And what was it that you personally observed the defendant Felton Martin doing in reference to the material?
>
> A. He looked like he was trying to - - Felton Martin looked like he was trying to grab the bowl, but

when I entered the room he didn't - - like I said, he looked confused and like he didn't know what to do.

¶11. The cross-examination of Detective Wallace Jones reflects the following:

Q. Okay, now, what you observed personally, you never saw Felton Martin or Darrin Fox possessing marijuana at any time, did you, just your personal observations?

A. Possessing marijuana? They were in the closest proximity to the marijuana that was recovered by myself.

Q. Okay. But you never saw them actually holding marijuana. That's correct, isn't it?

A. That's correct.

¶12. Detective Preston Carter, the only other prosecution witness who had been present at the scene, conceded that he did not see Martin until after he had been secured. The State suggests in its brief that "drug paraphernalia" such as ziplock bags and a pager found at the scene are further proof of Martin's guilt. While the State is correct that such paraphernalia might be probative as circumstantial evidence of intent to distribute, *see generally **Fox***, 756 So.2d at 758-59, we do not find it probative as to the issue of constructive possession. Martin's mere presence in the kitchen area where the marijuana was found, without more, is simply not enough. Thus, even if all inferences drawn from the evidence are viewed in the light most favorable to the verdict, there is still no evidence to support a finding that Martin was in constructive possession of the marijuana, or that he had any intent to distribute, and Martin's conviction therefore must be reversed and rendered.

## CONCLUSION

¶13. For these reasons, the judgment of the Hinds County Circuit Court is reversed and rendered, and Felton Martin, Jr. is discharged.

¶14. **REVERSED AND RENDERED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., MILLS AND DIAZ, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER AND EASLEY, JJ.**

**SMITH, JUSTICE, DISSENTING:**

¶15. The majority concludes that the evidence offered in this case does not support the jury's verdict convicting Martin of possession with intent to distribute. In my view, the evidence fully supports the verdict, and Martin's conviction should be affirmed. Therefore, I respectfully dissent.

¶16. Because Martin was not caught in actual possession of the marijuana, but was located in the kitchen next to the marijuana, the State was required to prove constructive possession. *See **Jones v. State***, 693 So. 2d 375, 376 (Miss. 1997). To support a finding of constructive possession, there need be only sufficient facts to warrant a finding that Martin was aware of the presence of the marijuana and that he was intentionally and conspicuously in possession of it. ***Curry v. State***, 249 So. 2d 414, 416 (Miss. 1971). Constructive possession may be shown by demonstrating that the marijuana was subject to Martin's

dominion and control. *Id.*

¶17. The jury found Martin guilty of possession with intent to distribute, and the evidence offered at trial supports that verdict. We must accept as true the evidence which supports the verdict and must construe all evidence in the light most favorable to the verdict. *Herring v. State*, 691 So. 2d 948, 957 (Miss. 1997). Also, the prosecution is to be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. *Naylor v. State*, 730 So. 2d 561, 565 (Miss. 1998) (citing *McFee v. State*, 511 So. 2d 130, 133-34 (Miss. 1987); *Gavin v. State*, 473 So. 2d 952, 956 (Miss. 1985); *May v. State*, 460 So. 2d 778, 781 (Miss. 1984)).

¶18. Accepting the State's evidence as true, the record indicates that the police officer discovered Martin and Fox in the kitchen standing immediately at the edge of the island on which were the containers of marijuana. We have explained that proximity is usually an essential element, though by itself is not adequate in the absence of other incriminating circumstances. *Curry*, 249 So. 2d at 416. Such circumstances exist here. The majority states that Martin's mere presence in the kitchen area where the marijuana was found, without more, is simply not enough. This statement would be true if Martin's location at the time of the drug bust were the only evidence the State had to offer. The officer, however, testified that as Martin stood next to the marijuana, he had his hands over the containers as if he was going to grab the containers. Again, constructive possession is proven where it is demonstrated that the drugs were subject to the defendant's dominion and control. *Id.*

¶19. The cases relied upon by the majority are clearly distinguishable from the instant case. In *Jones*, there was nothing to connect the defendant to the marijuana except for his presence in the car. Likewise, in *Naylor*, the only evidence linking the defendant to the cocaine was that he was in close proximity to it when he was found in the bathroom. Again, in the case at hand, the State offered more than evidence of proximity. Because I believe the facts of this case adequately support the jury's verdict, I would affirm Martin's conviction.

¶20. For these reasons, I respectfully dissent.

**WALLER AND EASLEY, JJ., JOIN THIS OPINION.**

1. Martin's prior convictions were for grand larceny in 1989 and receiving stolen goods in 1993. Fox was also sentenced to twenty years as an habitual offender based on prior convictions for possession of cocaine in 1991 and 1993. This Court affirmed Fox's sentence on February 24, 2000. *Fox v. State*, 756 So.2d 753 (Miss. 2000).